# ABRAHAM D. TITSWORTH

*v.*

# WILLIAM C. HYDE *et al.*

1. PRACTICE *in the Superior Court of Chicago—trial of causes out of their order.* The thirty-seventh rule of the Superior Court of Chicago, allowing cases *ex contractu,* upon certain conditions, to be tried out of their regular order upon the docket, " unless it shall be made to appear to the court, by affidavit of facts in detail, that the defense is made in good faith," means something more than that the defendant shall, in good faith, make such defense as will simply put the plaintiff upon proof of his case.

2. So where the facts stated in the affidavit of the defendant showed that he really had no legal defense to the suit, the affidavit was held insufficient under the rule.

3. SAME—*of the legality of such rule.* On the objection that this rule is in contravention of the ninth section of the practice act, which requires civil causes to be docketed in the order in which they shall be commenced, etc. it was considered that the case of *Wallbaum* v. *Haskin,* 49 Ill. 315, settled the question in favor of the power of the court to adopt the rule.

4. COMPROMISE—*agreement to take a less sum than is due, in satisfaction of a debt.* A mere executory verbal agreement, without consideration, by the holder of a promissory note, to accept from the maker a less sum than is due thereon, will constitute no defense to a suit on the note. Even the payment of a less sum of money than the real debt, would be no satisfaction of a larger sum, without a release by deed.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action *ex contractu,* brought in the court below, by Hyde and others, against Titsworth and others, as co-partners, under the name and style of A. D. Titsworth & Bros.

The plaintiffs sought to bring the cause to trial out of its regular order upon the docket, under the following rule of the superior court:

" Ordered, That in any case *ex contractu,* pending on an issue or issues of fact only, or only requiring the similiter to be added

which is noticed for trial at any term, if the plaintiff, or an attorney or agent of the plaintiff, shall make an affidavit that he or she believes that the defense is made only for delay, the plaintiff, by giving the defendant's attorney, or the defendant, if he or she do not appear by attorney, five days' previous notice, with a copy of such affidavit, that the plaintiff will bring on said case for trial at the opening of court, on a day of such term to be specified in such notice, or as soon thereafter as the court will try the same, may proceed to a trial at the time specified in said notice, unless it shall be made to appear to the court, by affidavit of facts in detail, that the defense is made in good faith, when the case will remain to be tried in its regular order on the trial calendar."

The defendants objected to the cause being tried out of its order, and in support of the objection, read the affidavit of one of them, as follows:

" That he is one of the defendants in this suit; that in the month of March, 1869, one Young, whose christian name is unknown to this deponent, an uncle of said Hyde, who was then the legal holder and owner of the notes sued on in this case, and with other persons, creditors of the defendants in this case, made an arrangement with this deponent, representing said firm of J. D. Titsworth & Bros. for a compromise of their respective claims against said firm, including the notes sued on in this case, under which he (said Young) was to accept and take ninety cents on the dollar of said notes, in satisfaction thereof; that said Young thereupon gave to this deponent a letter addressed to the said Hyde, or to the firm of Hyde, Van Duzer & Co. (which, this deponent does not now recollect), stating that he had made such arrangement with this deponent; that this deponent gave said letter to said Hyde, and he thereupon expressed himself satisfied with the arrangement, and said he would dismiss a suit said plaintiffs then had pending in this court on said notes; said ninety cents on the dollar was to be paid at three and six months from the first day of March, 1869,

about the time of making said agreement and compromise; that this deponent, on the faith of said arrangement with the said Young, and said Hyde, and the other creditors of said firm, paid and settled off all the other indebtedness of said firm, and would have paid said ninety cents on the dollar on said notes sued on in this case, had the parties who controlled the said notes been willing to accept said payment and surrender said notes; that the said Young was at the said time, the month of March, 1869, when said arrangement was made, the general assignee of said Hyde, Van Duzer & Co. for the benefit of their creditors, or in some other way held said notes among the rest of their assets under such assignment or arrangement, whatever it may have been, and under such assignment or arrangement had the power and right to make the arrangement and compromise aforesaid with this deponent touching the payment thereof, and said Hyde assented thereto; that said notes are payable to the order of the makers, and still remain without the endorsement thereon filled up to any one, as appears by copies thereof served by the plaintiffs' attorneys on the attorneys for this defendant, and which are hereto annexed."

The court overruled the defendants' objection, and the cause was set down for trial out of its order.

A trial resulting in favor of the plaintiffs, the defendant, Abraham D. Titsworth, appealed.

Mr. W. T. BURGESS, for the appellant.

1.   The affidavit of Titsworth showed that the defense in the case was made in good faith—all the rule required to be shown.

2.   The court had no power to take the case out of its order and try it.   Sec. 9, of the practice act, has evidently been overlooked by the court in making this rule of practice.   That says that civil causes shall be set down in the order in which they shall have been commenced; shall be set and apportioned for as many days of the term as the clerk or the judge may direct, and subpoenas shall be made returnable on the day on which the cause is thus set for trial.

Now, whatever inherent powers the court might have, it can not contravene this plain statute, as this rule certainly does.

Messrs. HOYNE, HORTON & HOYNE, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees against appellant to the November term, 1869, of the superior court of Chicago, to recover upon two promissory notes made by appellant, payable to his own order and endorsed to appellees, amounting to about $1450, and upon the common counts.

It appears from the bill of exceptions that, upon an affidavit and notice, under the rule of that court, it was ordered to be tried out of its order, and was so tried, resulting in a verdict and judgment in favor of appellees, upon which it was brought here by appeal. The points for reversal made by appellant are: 1, that appellant showed, by his affidavit, that the defense was made in good faith; 2, that the court had no power to try the case out of its order, because that contravened a plain statute. The only plea filed was the general issue. It has been deemed a general principle of our practice, that the defendant had the right to compel the plaintiff to prove his cause of action. That is made conditional, now, in the courts of Cook county, upon the filing, in a certain class of actions, an affidavit of merits. This right is secured by the general issue in most actions, and which constitutes a defense to the action, to the extent of requiring plaintiff to prove his case. The rule of court in question means something more than that the defendant makes that kind of defense in good faith, because, even under the short notice, the plaintiff is bound to prove his case.

Appellant, to prevent such trial, tendered his own affidavit, which really shows that he had no legal defense to the notes. He sets out a mere executory verbal agreement with the appellees, without any kind of a consideration to support it, to take ninety cents on the dollar for the notes. The payment of a less

sum of money than the real debt would be no satisfaction of a larger sum without a release by deed, and certainly an executory agreement to take a less sum, without payment or acceptance, can be no defense.

The second point is decided by the case of *Wallbaum* v. *Haskin*, 49 Ill. 315, and the judgment below is affirmed.

*Judgment affirmed.*