Creighton v. Garcia Brothers.

CHARLES J. CREIGHTON, IMPLEADED, ETC.,

v.

GARCIA BROTHERS.

*Practice—Sales—Partnership—Evidence.*

1. The large number of voluminous records presented for the consideration of this court, renders it impossible for the members thereof to search them for papers not alluded to in the abstract.

2. In an action brought to recover the amount for which certain goods were sold a given firm, the defendant contending 'that he was not a member thereof, this court declines to interfere with a judgment against him.

[Opinion filed November 2, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. M. SALOMON and M. J. BECK, for appellant.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellees.

WATERMAN, P. J.   Our attention is called to the fact that the record shows that an affidavit denying his joint liability was filed by appellant.   The abstract fails to mention any such affidavit, and we might, therefore, properly refuse to further consider the case.

The large number of voluminous records presented for our consideration, renders it impossible for the court to search them for papers not alluded to in the abstract.   We have, however, thought best to consider this case upon its merits.

The joint liability of appellant being the question presented to the court, it found that such liability existed, and we think that the evidence properly admitted warranted such finding. It appeared that appellant had, without objection, suffered himself to be introduced as a member of the firm of Sewnig & Co.; that he received money from the firm; that while he was in Europe alleged statements or trial balances from its books were by the bookkeeper of the firm forwarded to him; that at least one of the statements was received by him; that appellant lived on State street in Chicago, and failed to appear at the trial or offer any evidence in rebuttal of that given on behalf of the plaintiff.

It is perhaps the case that testimony as to what Sewnig said in the absence of appellant should not have been received, and that the original of the statement of account sent to appellant should not have been received without notice to appellant to produce the copy received by him; but without these

matters the evidence was entirely sufficient to justify the conclusion of the court, and this judgment ought not to be reversed, because, with the testimony to sustain the finding properly admitted, there has crept in some that should have been rejected. The judgment of the court below will be affirmed.                                        *Judgment affirmed.*