Burke v. Ward.

---

### Burke v. Ward.

'  50   283
   59   318

   50      283
  101   ¹564

1.  TECHNICALITIES.—A technical answer is good to a technical objection.

2.  RECORD—*Errors of Law.*—It is in the rulings, and not the remarks of a court, that errors of law must be found.

3.  EXCEPTIONS—*Basis for Overthrowing a Judgment.*—An exception, to form the basis for the overthrowing of a judgment, must be free from ambiguity, uncertainty or omission, and will be construed most strongly against the party taking it.

4.  EXCEPTION—*Time for Taking.*—It must affirmatively appear that the exception to the decision of the court, overruling the motion for a new trial, was taken at the time the decision was announced, in order for the ruling of the court to be assigned for error.

Memorandum.—Order overruling a motion for a continuance. Appeal from the Superior Court of Cook County; the Hon. GEORGE F. SUGG, Judge, presiding. Heard in this court at the March term, 1893, and affirmed. Opinion filed June 20, 1893.

O'DONNELL & COGHLAN, attorneys for appellant.

OSCAR E. LEINEN, attorney for appellee.

OPINION OF THE COURT, SHEPARD, J.

This cause was begun before a justice of the peace, and from a judgment there rendered in favor of the plaintiff,

the defendant, who is the appellant, here, appealed to the
Superior Court, where judgment was again given for
plaintiff.

The error relied upon is the refusal by the Superior Court
to grant a continuance of the cause, owing to the attend-
ance of one of appellee's attorneys, Mr. Joseph A. O'Don-
nell, upon the session of the State legislature as a member
thereof, when the case was reached for trial.

The law firm of O'Donnell & Coghlan, composed of the
said O'Donnell and Mr. Henry D. Coghlan, appear, by the
papers filed in the cause, to have been the attorneys of the
appellee in the court below, as they are in this court, and
it is made to appear by the bill of exceptions that Mr.
Coghlan alone appeared, and obtained, either by stipula-
tions or orders of court, several postponements of a trial of
the cause, one of which was granted by the court on the
ground, urged by Mr. Coghlan, that he was actually engaged
in the trial of another cause in the Circuit Court; and that
on another occasion, when the cause was partly heard on
the short cause calendar, Mr. Coghlan appeared for the
appellant and cross-examined a witness for forty-five min-
utes of the hour allotted for the hearing of the cause, thereby
securing the striking of said cause from the short cause
calendar and a postponement of its hearing until it could
be reached on the regular appeal calendar.

It was then, after repeated postponements obtained by
Mr. Coghlan, that the affidavit for a continuance on the
ground of Mr. O'Donnell's attendance upon the legislature
was presented.

That affidavit appears to be in conformity with the stat-
ute, but whether under the circumstances recited, it was
error to deny a continuance, need not be decided.   There is
nothing in the record that discloses to us any meritorious
defense to the action brought by appellee, or any reason for
setting aside the judgment beyond the technical right under
the statutes for a continuance upon the grounds stated in
the affidavit.

This court has decided that a technical answer is good to

a technical objection.    Meath v. Widdicomb Mantel Co. (No. 4736, filed May 11, 1893, and authority there cited).

The overruling of a motion for a continuance asked for upon the grounds stated in said affidavit, was not excepted to by the appellant.

The bill of exceptions in showing what occurred at the time of hearing the motion for a continuance states as follows :

" And the court heard the said affidavit    *    *    *    and thereupon denied the said motion, and refused to continue said cause, the court giving as his reason therefor, that said Coghlan had appeared for defendant Burke at divers times before said court, and asked a continuance, alleging as a ground for said continuance that the said Coghlan was then actively engaged in the trial of a cause before Judge Tut-hill, and that when the last continuance was granted the court warned Mr. Coghlan, who appeared as attorney for defendant and asked that the case be continued, that the court would grant no further continuance, and that he, the said Coghlan, must be ready for trial on February 3, 1893, and that no further continuance would be granted, to which *remarks* of the court the defendant, by his counsel, then and there excepted."

It is in the rulings, and not in the remarks, of a court that errors of law must be found.

Nor was the technical defect above mentioned cured by anything in connection with the motion for a new trial.

The statement, embodied in the bill of exceptions, of the ruling of the court on the motion for a new trial, and of the exception to such ruling, was, technically, fatally defective.

An exception, to form the basis for the overthrowing of a judgment, must be free from ambiguity, uncertainty or omission, and will be construed most strongly against the party saving it.    Monroe v. Snow, 33 Ill. App. 230.

It must affirmatively appear that the exception to the decision of the court overruling the motion for a new trial was taken at the time the decision was announced, in order

for the ruling of the court to be assigned for error. Pottle v. McWorter, 13 Ill. 454.

Because, therefore, there seems to be no merit in the appellant's defense, and there being a complete technical answer to his technical objection to the judgment, the judgment will be affirmed.