# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

---

## FIRST DISTRICT—MARCH TERM, 1895.

---

### A. L. Flaningham v. C. Eugene Hogue.

1. RELEASE—*To be Under Seal When the Sum Paid is Less than the Sum Owing.*—When the amount of a debt is fixed and certain, the payment of a lesser sum in payment of a greater does not amount to a satisfaction of the whole without a release under seal, although the rule is otherwise when the amount of the debt is unascertained, or where the payment of a less sum of money and some other thing which "it shall be intended might be more beneficial to the creditor than the money in respect of some circumstances."

2. APPELLATE COURT PRACTICE—*Abstracts.*—A party bringing a cause to this court must furnish and file a complete abstract or abridgment of the record. The intention of the rule is to require a presentation in the abstract, in substance, of those parts of the record upon which error is assigned. Any material departure is fatal to the appellant's right to a hearing on the merits.

3. SAME—*Exceptions, How Taken.*—A general exception can not be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises in the trial.

**Debt,** to recover balance due on a judgment. Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

A. L. FLANINGHAM, plaintiff in error, attorney *pro se.*

(315)

C. M. HARDY, attorney for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action in debt to recover a balance claimed to be due on a judgment rendered July 22, 1885, in the Circuit Court, for $901.69, in favor of the plaintiff in error and against the defendant in error.

On the trial, which was before the court without a jury, the plaintiff in error in support of his action testified, as is set forth in his abstract, as follows:

" My name is A. L. Flaningham; I am the plaintiff in this suit, and the person named and described as C. E. Hogue in the record of judgment just offered in evidence, and the defendant in the present suit named C. Eugene Hogue, is one and the same person." This witness also testified that in the spring of 1887 he called upon defendant to see if he could not get some kind of a settlement out of defendant, and after some little talk on the subject, defendant offered to pay him one hundred and fifty dollars ($150) in full for all claims that plaintiff had against him; and plaintiff said that at that time he had two judgments against defendant, the one in the Circuit Court of Cook County, on which this suit is brought, and one in the justice court of Cook County for sixty-six dollars ($66) and costs, which, with interest to that time, March 17, 1887, amounted to just seventy-five dollars ($75), and this witness said that after considering for a few minutes defendant's proposition to pay one hundred and fifty dollars ($150) in full for all claims and demands, he decided to take it, and told defendant that he would accept his proposition, whereupon defendant told him he could meet him the next day at two o'clock and he would have the money for him; he met defendant the next day at the hour named; defendant paid him one hundred and fifty dollars ($150) and he gave defendant a receipt in full for both judgments, naming the judgments in the receipt, the judgment in the Circuit Court for $901.69, and the judgment in the justice court for $66 and costs; that said receipt was signed by him, but that it was not under seal, and that be-

sides giving defendant said receipt he also went with defendant to the circuit clerk's office, and upon the margin of the judgment docket, opposite the minute therein by the clerk, of the said judgment, made the following entry of satisfaction : "This judgment is satisfied in full this 17th day of March, 1887.   A. L. Flaningham, plaintiff."

This witness also testified that of the one hundred and fifty dollars ($150) received from the defendant, seventy-five dollars ($75) was applied in the discharge of the judgment in the justice court, and the other seventy-five dollars ($75) went toward discharging the judgment in the Circuit Court, and that the balance of the said judgment in the Circuit Court had not been paid.

The evidence in behalf of the defendant in error does not differ very materially, so far as the real question in the case is concerned, from that of the plaintiff in error, unless it may be that additional material facts for consideration exist in the further facts testified to by him, and not denied by plaintiff in error, that he was insolvent at the time, and had to borrow the $150 he paid to the plaintiff in error, and was obliged to and did pay for the use of the money so borrowed, at the rate of five per cent a month, and that the plaintiff in error, who is a member of the bar, told him that the satisfaction entered on the judgment, together with the receipt in full, would make the settlement legal and binding, and that he believed what plaintiff in error told him, and relied upon his statement that the settlement would fully discharge the judgment.

We have quoted all of the testimony of plaintiff in error, in order to show that he relies upon a technical, although long established rule of law, that where the amount of the debt is fixed and certain, the payment of a lesser sum in satisfaction of a greater does not amount to a satisfaction of the whole, without a release under seal; although the rule is otherwise where the amount of the debt is unascertained, or where the payment is of a less sum of money and some other thing which "it shall be intended might be more beneficial to the plaintiff than the money, in respect of some

circumstances." Neal v. Handley, 116 Ill. 413; Hayes v. Mass. M. L. Ins. Co., 125 Ill. 626; Kingsley v. Kingsley, 20 Ill. 203; Curtiss v. Martin, 20 Ill. 557; Titsworth v. Hyde, 54 Ill. 386; Martin v. White, 40 Ill. App. 281; Gillfillan v. Farrington, 12 Ill. App. 101.

A technical answer to a technical claim is good. Burke v. Ward, 50 Ill. App. 283; Zielinski v. Remis, 46 Ill. App. 596; Magner v. Trumbull, 33 Ill. App. 646.

A long standing and salutary rule of this court requires that a party bringing a cause to this court shall furnish and file a complete abstract or abridgment of the record.

Probably the plaintiff in error was denied a recovery by the Circuit Court, but the abstract filed here entirely fails to show any judgment from which this writ of error is prosecuted. True, the abstract of the bill of exceptions states that the motion for a new trial was overruled, and that the court " gave judgment on the verdict against the plaintiff;" but it does not show what the judgment was, and if it did, it would not suffice. A judgment is a part of the record proper, and can not be shown by bill of exceptions. Looking, therefore, at the abstract alone, it does not appear that there was any judgment against the plaintiff in error, for the rendition of which he has assigned error.

As is said in C. & C. T. Ry. Co. v. Crolie, 33 Ill. App. 17, " The intention of the rule is to require a presentation in the abstract, in substance, of those parts of the record upon which error is assigned. Any material departure from this regulation is fatal to appellant's right to a hearing on the merits in this court."

And in Creighton v. Garcia, 41 Ill. App. 429, we said: " The large number of voluminous records presented for our consideration renders it impossible for the court to search them for papers not alluded to in the abstract."

And so in Magner v. Trumbull, 33 Ill. App. 646, it was held that the abstract being insufficient, we would not examine into the merits where the brief indicated that an endeavor was being made to pay an honest debt with a technical rule of law.

Again, in Parry v. Arnold, 33 Ill. App. 622, we said: "Where the abstract prepared by the appellant does not show an exception, the court will not look into the record to see if one was taken, and where the abstract does not contain the instructions, the record will not be referred to to supply the omission. Rule 21 is in fact, as well as form, a rule."

These cases are sufficient to show the settled doctrine of this court upon the subject, and we will not depart from it in this case, in order to find by searching in the record what might, if found, require us to reverse a supposed judgment which probably, as "between man and man," comes so near being right.

There is still another technical reason why we will not reverse the supposed judgment.

It appears by the abstract that after the evidence was closed, the following occurred:

"And thereupon, the court (trial by jury having been waived) rendered a verdict against the plaintiff; whereupon the plaintiff then and there moved the court to set aside the verdict so rendered, and grant a new trial of this cause, and filed the following reasons in writing for his motion, to wit:

1st. The verdict is contrary to the evidence.

2d. The verdict is contrary to law.

3d. The verdict is contrary to the law and the evidence in this cause.

But the court denied the motion and gave judgment on the verdict against the plaintiff; to which decision of the court the plaintiff then and there excepted."

It was said in E. St. L. Electric R. R. Co. v. Cauley, 143 Ill. 490, "A general exception can not be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises on the trial," and reference was made to Walter v. Walter, 117 Ind. 247, and Johnson v. McCulloch, 39 Ind. 270, in support of the proposition.

In the first of those cases it is said: "There is a bill of exception in the record showing a joint exception to both of

the acts and rulings of the court.  Exceptions can not be taken in this manner; exceptions must be taken to each ruling separately."

In the second case, Johnson v. McCulloch, it is said :

"There is a fatal defect in the form of the bill of exceptions.  * * *  After stating several rulings of the court in succession, the bill proceeds, 'to which said acts of the court in, etc., the defendant objects and excepts, etc.'  Exceptions are not to be thus taken in gross to several rulings; the exception must be taken to each ruling as it arises on the trial."

Again, in E. St. L. Electric Ry. Co. v. Stout, 150 Ill. 9, it is said :

"A motion for new trial was made and overruled, and it is insisted, with earnestness, that the subsequent exception to the rendition of judgment should be held to apply.  We are unable to agree with counsel that the order overruling a motion for new trial and the subsequent entry of judgment are so intimately connected, that an exception to the entry of the latter should be held to apply to the former."

Which act or "decision" of the court is it that was excepted to ; the overruling of the motion for a new trial, or the giving of judgment?

Assuming it to be that of giving judgment, which is the last act, and therefore the proper antecedent of the exception, then it is plain that there was no error, for if the motion for a new trial was rightly denied, the rendition of judgment was proper.

If the exception related to both, then the cases above cited apply.  And in either case there was no error.

What we have said seems like the rigorous application of strict rules of law, but that is what the plaintiff in error has invoked in his own favor, and he should not object if it be administered to his discomfiture.

The judgment of the Circuit Court is accordingly affirmed.