## Continental Investment & Loan Society v. August Schubnell.

1. MOTION FOR A NEW TRIAL—*Must be Preserved in a Bill of Exceptions.*—A motion for a new trial, and the ruling of the court thereon, and the exceptions, if any are taken, must be preserved by a bill of exceptions. The fact that the clerk, in making up the transcript, copies the motion into the record, outside of the bill of exceptions, will not avail.

2. PRACTICE—*Exceptions in Gross.*—Exceptions in the court below can not be taken in gross.

Assumpsit, for balance due withdrawing stockholder. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

A. B. DAVIS, JR., attorney for plaintiff in error; GRAHAM HARRIS, of counsel.

No appearance for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This writ is prosecuted to obtain the reversal of a judgment in favor of the defendant in error, recovered in a suit brought for a balance claimed to be due upon the withdrawal by the defendant in error from membership in the plaintiff society.

The proof showed that the defendant in error became a member of the society and paid, upon the shares of stock for which he subscribed, the sum of $306, in monthly installments of $18 each, and borrowed from the society the sum of $200. The judgment was for the difference between the amount he borrowed and the sum he paid in.

Some interesting questions of law are contained in the record, which might be decided in favor of the plaintiff in error had they been properly saved by the record brought to us. But following the settled doctrine, we can not dis-

turb the judgment for such errors of law, if they exist; and it is with trifling regret that we are constrained to apply the doctrine where, as here, the judgment is so nearly an equitable one.

The bill of exceptions contains no mention of a motion for a new trial or the action of the court taken thereon.

The ruling is uniform that the motion for a new trial and the ruling of the court thereon, and the exceptions, if any are taken, must be preserved by bill of exceptions; and the fact that the clerk has seen fit to copy into the transcript, outside of the bill of exceptions, a document which purports to be a motion for a new trial, will not avail against the lack of the motion and the ruling thereon, and exceptions thereto, appearing in the bill of exceptions.    Harris v. The People, 130 Ill. 457; Graham v. The People, 115 Ill. 566; James v. Dexter, 113 Ill. 654; Tarble v. The People, 111 Ill. 120; Foreman v. Johnson, 37 Ill. App. 452;  Burnett v. Snapp, 39 Ill. App. 237.

But had the motion for a new trial been properly preserved, there would have arisen another fatal objection in matter of form, to the consideration of the questions of law that have been argued.

To the refusal by the court to give five asked instructions and two special findings of fact, but a single exception, in gross, was taken.    Exceptions can not be taken in that way. Flaningham v. Hogue, 59 Ill. App. 315;  E. St. L. Electric Co. v. Cauley, 148 Ill. 490.

The judgment of the Circuit Court is affirmed.