## Triple Link Life Ins. Co. v. Hulda L. Johnson.

1. LIFE INSURANCE—*False Statements by an Applicant for Reinstatement After Forfeiture of Membership.*—Falsity of statements made by an applicant for reinstatement after forfeiture of his policy in a life insurance company, when pleaded as a defense by the company to an action by the beneficiary on the policy, is an affirmative defense, and the burden of proving such falsity is upon the company pleading it.

2. SAME—*Forfeiture of Policies Not Favored in Law.*—When an insurance company seeks to insist upon a forfeiture of a policy its right to do so must be made clearly to appear. Without production of

the by-laws of the company or some proper proof of what they contain, which clearly show the right of the company to have a forfeiture, courts will refuse to enforce one.

**Assumpsit.** on a policy of life insurance. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 18, 1902.

**Statement of the Case.**—This is an appeal from the Superior Court of Cook County, by the defendant, in an action to recover on a membership certificate issued, originally, March 1, 1894, by the Triple Link Mutual Indemnity Association—an assessment company organized under the assessment law of the State of Illinois, to Louis A. Johnson, in favor of Hulda L. Johnson, his wife, for the sum of $1,000, afterward reincorporated under the same law as the Triple Link Life Insurance Company.

In the month of June, 1898, Mr. Johnson forfeited his membership, by failure to pay assessment No. 34, due and payable in the said month of June, 1898, and the said certificate, by its terms, lapsed and became void. On the first day of July, 1898, Mr. Johnson appeared at the office of the Triple Link Life Insurance Company, and made application for reinstatement; and as a condition of reinstatement presented a certificate of health and therein and thereby warranted the statements and each of them by him made to be true in fact.

This certificate of health, together with the original application, and the certificate of membership, constitute the contract between the Triple Link Life Insurance Company and Louis A. Johnson, and govern the relation between the plaintiff and the defendant in said action.

The pleadings in this action make but one single issue. The plaintiff, Hulda L. Johnson, sets forth in her declaration, *in haec verba*, this membership certificate, in one sole count. The defendant pleads specially, in confession and avoidance, setting up the untruthful statements in said health certificate in avoidance, and admitting the issuing of the same; to which plea the plaintiff files her replication,

setting up a new cause of action. To this replication the defendant demurred. This demurrer of the defendant was sustained and leave granted to the parties to try the case on the declaration of the plaintiff, and a plea of the general issue by the defendant, making thereunder all the defenses to be made to said certificate set up as the only count; and on this issue the case went to trial before a jury, under the testimony of the witnesses and instruction of the court.

The verdict of the jury was in favor of the plaintiff for $1,087.77. The defendant moved for a new trial, assigning grounds in support of the motion, which motion was denied by the court and judgment entered on the verdict; from which said judgment the defendant prayed an appeal, and brings the transcript of the record for a review, with assignments of error, for a reversal of the judgment of the court below.

LOUIS KISTLER, attorney for appellant.

UTT BROS. and LLOYD JONES, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The defendant below (appellant) relied solely for its defense on the application for reinstatement made by the member, Louis A. Johnson. The pleadings made that issue, and no other. That application was as follows:

" APPLICATION FOR REINSTATEMENT.

Having forfeited my 'membership in the Triple Link Mutual Indemnity Association by failure to pay assessment No. 34, due in month of June, on certificate No. 1488, I herewith enclose $1.69, amount of call, and ten cents fine, total, $1.79, the amount of all arrearages, and by making the following certificate of health, I hereby apply for reinstatement:

I, Louis A. Johnson, hereby certify that, since making application for membership in the Triple Link Mutual Indemnity Association, I have not suffered from any serious or protracted illness, received any personal injury, been prescribed for or attended by any physician; and I have

not violated any of the conditions contained in my certificate of membership or application heretofore made. I hereby certify that I am in good health and free from all disorders, infirmities and weaknesses, either hereditary or acquired, tending to impair my health or constitution or shorten my life, and I do hereby agree that this certificate of health shall be attached to and be made material part of my original application, and in consideration of securing a reinstatement I warrant each of the foregoing statements to be true in fact.

Dated at Chicago, this 1st day of July, 1898.

Member's signature:      LOUIS A. JOHNSON. [SEAL.]
Witnessed by C. A. Kempe.

(See laws adopted:)

' All assessments not paid on or before 5 P. M. of the last working day of the month in which call is made are lapsed; but such lapsed members may be reinstated within twenty (20) days by signing usual certificate of good health and paying a penalty of ten cents on each $1,000 insurance represented in lapsed certificate, in addition to amount due.' "

The original application of Louis A. Johnson for membership, also contained the following:

"I also agree that all the foregoing statements and answers, as well as those that I make or shall make to the company's medical examiner, in continuation of this application, are by me warranted to be true and are offered to the company as a consideration of the contract, which shall not take effect until the first assessment and membership fee shall have been paid, and the certificate of membership shall have been delivered, during my life and continuance in good health."

We may concede the correctness of the propositions announced by appellant, under headings 1, 2, and 3 of its brief, that (a) the application for reinstatement is of itself an admission of the lapse of the original certificate of membership, and (b) that the statements in the written application for reinstatement are, in terms, warranties of the truth thereof, and (c) that failure to disclose the true facts, which were vital in securing a renewal of the certificate of membership, was a violation and breach of the warranty.

But what were the consequences which would happen if

the statements made by Johnson were false? These could only be shown by the laws and rules of the defendant company, with reference to which the reinstatement was had or the policy was issued. The defense was an affirmative one and should have been made out. The evidence shows most clearly, indeed it is not disputed by appellee, that the statements were untruthful, and known to be such by Johnson when he made them. Neither the abstract nor the transcript of record contain a word of what the laws or rules of the appellant are, except the quotation which appears appended to the application for reinstatement and seems to be an extract from the laws of the company, as to the time and payment of assessments in order to prevent a lapsing of the member's certificate, and the method of reinstatement. It appears thereby that a lapsed member may be reinstated within twenty days by *signing* (nothing more) a usual certificate of good health, and paying a penalty of ten cents on each $1,000 insurance represented in the lapsed certificate, in addition to the amount due.

These requirements were performed by Johnson on the next morning after his membership had lapsed; that is to say, he *signed* the usual certificate of good health, and paid the penalty in addition to paying the amount due.

It is said by appellant that "only men in good average health, when a certificate has lapsed, can secure a renewal of the certificate of membership, on a truthful assurance of health by their own certificate and warranty that all therein by them stated is true."

This may be true, as a matter of fact, but there is nothing in this record upon which we can base an assumption that it is true. Such is not so said in the only reference to the laws or rules of appellant company, anywhere to be found in the record, which we have already quoted.

Forfeitures are not favored in the law, and when an insurance company seeks to insist upon a forfeiture, its right to do so must be made clearly to appear. Without a production of the laws of the company or some proper proof of what they contain, which clearly show the right of the

company to have a forfeiture in this case, we are not at liberty to enforce one. The authorities cited by appellee, as well as many others, in support of her proposition that appellant had waived its right to insist upon a forfeiture, which it is contended was waived on other grounds, are applicable to these propositions.

A technical answer to a technical claim is good. Burke v. Ward, 50 Ill. App. 283; Flaningham v. Hogan, 59 Ill. App. 315.

With this conclusion, we need not discuss the instruction given by the court with reference to the effect to be given to the alleged waiver by appellant. With the instruction before them the jury found there was such a waiver.

The judgment is accordingly affirmed.