THE FARMERS AND MECHANICS LIFE ASSOCIATION

*v.*

MARY ANN CAINE.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. RES JUDICATA—*when judgment for defendant on demurrer to bill does not bar suit at law.* A judgment for the defendant, upon sustaining a general demurrer to a bill in equity, is not a bar to a subsequent suit at law, where the ground for sustaining the demurrer is that complainant has mistaken his remedy, which was at law.

2. ACCORD AND SATISFACTION—*when release does not justify plea of accord and satisfaction.* A release, not under seal, executed by the beneficiary in a benefit certificate upon acceptance of a part of the amount of the certificate, cannot be made the basis of a plea of accord and satisfaction in a suit on the certificate, where there was no honest difference between the parties as to the amount due, which was fixed by the terms of the certificate.

3. SAME—*when money received by creditor need not be returned before bringing suit.* Acceptance by a creditor, from the debtor, of a less sum than the amount due in full satisfaction of a liquidated and undisputed debt is a discharge only of so much of the debt as equals the amount received, and it is not essential to the creditor's right of action that he rescind the contract of settlement or return the money received, but only that he give the debtor credit for the amount paid.

4. BENEFIT SOCIETIES—*provisions for protection of society may be waived by it.* By entering into an oral contract extending the time of payment of an assessment a benefit society waives the right to have the evidence of its action reduced to writing, as provided in the contract of insurance, and waives the right to insist upon a forfeiture for non-payment of the assessment at the time when it was due under the terms of the original contract.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

GEORGE C. GALE, and R. D. ROBINSON, for appellant.

WILLIAMS, LAWRENCE & GREEN, for appellee.

Per CURIAM: Appellee, as beneficiary under a certificate issued by appellant to John Caine, her deceased husband, brought her suit in assumpsit on August 5, 1903, in the Knox county circuit court for $2000, alleging the assured, John Caine, died August 17, 1902. The declaration consisted of one count, and set out, in substance, the terms of the benefit certificate, which is denominated a policy, alleging that the instrument was in the custody of the defendant association. The policy was for $2000, payable upon the death of the assured to appellee, his wife, and the calls were to be paid in quarterly assessments of $8.80 each, payable on the last days of January, April, July and October of each year. The assessment due April 30, 1902, was not paid, but appellee gave the defendant her note for that assessment due in one month, and she defaulted in the payment of that note. When the July assessment became due appellee asked from appellant an extension of time for the payment thereof, and claims that her request was complied with.

To the declaration in this cause the appellant filed its first plea, which is in the nature of a plea *res judicata.* By this

plea it is alleged that the appellee, at the June term, 1903, of the circuit court of Knox county, Illinois, filed her bill in chancery against appellant, which bill is set out *in hæc verba,* and alleges the holding of the policy by her late husband in the appellant association, with the terms thereof, and the death of the assured, and then alleges that while the assured was a corpse, and before his burial, and while appellee was in mental and bodily distress and without counsel or adviser, upon the assurance made by and on behalf of appellant to her by Marsh, president of appellant, that her rights under the policy had lapsed and that she had no legal right or claim against said company for the benefit, appellant obtained from her a surrender of the policy upon the payment of $200,— one-tenth of the amount that was legally due her; that when she was able to get counsel she made proof of death; that one call, amounting to $8.80, fell due April 30, 1902, and upon a representation of her husband that he was unable to pay the same, appellant accepted her note in payment of said assessment; that on July 31, 1902, another assessment of the same amount became due, and at her request the time for the payment of the same was extended by appellant; that it was customary for said association to extend the time of payment of assessments, and that the policy remained equitably in full force and virtue at the death of her husband, and that it was the duty of the company to pay her the face of the policy, less $200 theretofore paid to her. She prayed that appellant be required to answer the bill without oath and decreed to pay to her the amount of $1780. The plea further avers that the bill was subsequently amended by enlarging the charges of fraud, in which amendment it was alleged that Marsh, the president of the appellant association, represented to her that she had no ground for recovery against the association, but that as he was her friend and desired to render her assistance he would pay her $200 if she would surrender the policy, and that she did surrender it and received his personal check for the $200, and that the

check was in a short time,—an hour or two,—taken up by one of the clerks of said president by paying currency therefor. The prayer was also amended to ask that the surrender of the policy be set aside and be held for naught. The plea further stated that upon the filing of the bill appellant interposed a general demurrer thereto and that said demurrer was sustained by the court, and that appellee stood by her bill and the court thereupon entered judgment for the defendant upon the same; that said judgment is still in full force and was for the same cause of action set forth in the declaration in this cause. To this plea appellee replied that the "general demurrer of the defendant to the bill of complaint in said plea copied, was 'that complainant has not by her said bill made or stated such a case as entitled her, in a court of equity, to discovery or relief from or against this defendant touching the matters contained in the said bill or any of such matters,' wherefore the court sustained said demurrer on the ground that the remedy of complainant (now plaintiff) was at law and not in equity," and concluded with a verification. To this replication appellant demurred specially and generally. The demurrer was carried back to the plea and sustained as to that plea.

Appellant's fifth plea was a plea intended as a plea of accord and satisfaction, in which it is stated that after the death of the assured the plaintiff and defendant in the cause agreed upon the sum of $200 to be paid in discharge and satisfaction of all claims that plaintiff might have against the defendant on account of said contract, and that the defendant paid the plaintiff the said sum of $200, and the plaintiff accepted the same in full satisfaction and discharge of the claim and demand set up in the declaration and surrendered and released to the defendant the policy of insurance. To this plea the plaintiff first replied that the release was obtained through fraud on the part of the president of said association; that while her husband, who was accidentally killed, was a corpse, and while she was without means to

prepare the body for burial, the president of the defendant (appellant) came to her home and assured her of his disinterested sympathy and friendship, and advised her that she was technically barred from recovering anything upon the policy, telling her that as an assurance of friendship and good will upon the part of the association he would upon its behalf make her a present of $200 upon her surrendering said policy of insurance to him, as president of the association, for cancellation; that said Marsh assured her that he would take no undue advantage of her and was acting for her best interests, and that while he was acting without authority from the association his act would be ratified by it; and that owing to her distress of mind and body due to her sudden bereavement, and confiding in the statements of said Marsh, she yielded to his persuasions and signed a writing which she believes to have been a statement endorsed upon the policy canceling and surrendering all her rights, and delivered the same to said Marsh, as president of said association, and received his personal check for $200, which was in an hour or two thereafter taken up and paid by some agent of said association with currency. To this replication a general demurrer was interposed, when appellee took leave to amend the replication, which was done by adding the allegation that she relied implicitly on the false and fraudulent statements of Marsh, the president of the appellant association, and in consequence thereof accepted the $200 and surrendered the policy. To the replication as thus amended the defendant below rejoined that plaintiff accepted the $200 in full satisfaction on August 18, 1902, and has from that time hitherto retained said $200, and never returned or offered to return the same or rescind the contract of settlement. Plaintiff sur-rejoined that the acceptance by her of the $200 was the result of a fraud perpetrated by the defendant in manner and form as set out in her replication to defendant's fifth plea, and that she was willing to allow the $200 paid to her to be deducted from the money due her under the

policy, and also filed an additional sur-rejoinder, to the effect that immediately after the 18th of August, and as soon as she could consult with counsel, she notified the defendant that she had been overcome by its fraud and that she was willing to give it credit for the $200 paid by it, and that she has ever since been, and now is, ready to give credit for said sum on the amount due her. To these sur-rejoinders a general demurrer was filed. The demurrer was sustained, and plaintiff (appellee) elected to stand by her sur-rejoinders. Plaintiff also filed an additional replication to the fifth plea, setting up the same matters of alleged fraud that were contained in the amended replication, and in addition thereto alleging that at the time of the surrender of the policy, and when she received the check and the money thereon, she was unconscious of the fraud practiced upon her, and while mentally incapacitated by the shock of her husband's death she expended the $200 for funeral expenses, and that as soon as she recovered sufficiently to understand that she had been overcome by fraud she repudiated her acceptance of the $200 as a settlement, and so advised the defendant, and further advised defendant that she was unable, because of her poverty, to re-pay the same, and has ever since been, and is now, ready and willing to allow the same as a credit upon the amount due her from defendant. A demurrer was interposed to this additional replication and sustained. Plaintiff elected to abide her replication and judgment was entered for the defendant. The cause was appealed to the Appellate Court for the Second District by the plaintiff and by that court the judgment was reversed and the cause remanded. When the cause was re-docketed, the circuit court, on motion of the plaintiff, pursuant to the judgment of the Appellate Court, overruled the demurrer to the sur-rejoinders to the rejoinder to the amended replication to the fifth plea, and also overruled the demurrer to the additional replication to the fifth plea, and the defendant (appellant) stood by each of said demurrers.

The only other plea material here was the third, which averred that the assured had not paid the assessment of July, 1902, when it became due, and that the rights of the beneficiary under the policy were for that reason forfeited. The replication filed to that plea averred the time of payment of that assessment had been extended by the defendant and that there was no forfeiture. The defendant rejoined that it had not extended the time of payment, and upon this issue alone the cause went to trial before the jury. The jury returned a verdict for the plaintiff for $2000, and upon a motion for a new trial the court required a *remittitur* of $240 and entered judgment for $1760. This judgment, on appeal to the Appellate Court, was affirmed, and appellant comes to this court by further appeal and urges that its demurrer to the replication to the first plea should have been merely sustained to the replication and not carried back and sustained to the plea; that its demurrer to the sur-rejoinders to the rejoinder to the amended replication to its fifth plea should have been sustained and that the demurrer to the plaintiff's additional replication to the fifth plea should have been sustained, and that a peremptory instruction asked by it at the close of all the evidence should have been given.

As to the demurrer to the replication to the first plea, it is insisted that the decree rendered upon the demurrer to the bill is a conclusive adjudication that the facts stated in the bill did not constitute a cause of action either in law or in equity. This depends somewhat upon the ground for sustaining the demurrer to the bill. A party may have misconceived his action and brought his bill in chancery when his action is at law, and a demurrer to the bill, although sustained, would in such a case be no bar to the action at law. (*Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516; *Lundy* v. *Mason,* 174 id. 505.) The replication states that the demurrer was sustained on the ground that the remedy was at law and not in equity. That raised the point and makes the distinction clearly recog-

nized in the books and discussed in the cases above cited, wherein it is indicated that although the demurrer may be general and the order dismissing the bill be for want of equity, yet if it appears that the action was such as should have been at law and not in equity the court had no jurisdiction, and the bill was as much wanting in equity because it did not state the facts which authorized the court to take jurisdiction as it would be in a cause properly cognizable in a court of equity but which was so improperly or imperfectly stated as not to entitle the complainant to any relief. The circuit court therefore did not err in passing on the demurrer to the replication to the first plea.

We are satisfied that the demurrer to the sur-rejoinders to the rejoinder to the amended replication to the fifth plea and the demurrer to the additional replication to that plea were properly overruled. It does not appear that the so-called release signed by the appellee was under seal. It was no more than a receipt in full showing that appellant's liability was extinguished by the payment of $200.

An acceptance by the creditor from the debtor of a less sum than the amount due in full satisfaction of the debt is a discharge only of so much of the debt as is equal in amount to the sum received. (*Titsworth* v. *Hyde*, 54 Ill. 386; *Hefter* v. *Cahn*, 73 id. 296; *Hayes* v. *Massachusetts Life Ins. Co.* 125 id. 626; *Ostrander* v. *Scott*, 161 id. 339.) The payment of a less sum is not a satisfaction of a larger sum, even when so received, without a release by deed. (*Titsworth* v. *Hyde, supra.*) Nor is it essential to the right of action that the creditor should rescind the contract of settlement and return the money he has received under it before bringing suit. All that is required is that the debtor should have credit for the sum paid. (*Hefter* v. *Cahn, supra,* and cases there cited.) It is true, where there has been a compromise, in good faith, of unliquidated or disputed demands, where there is an honest difference between the parties as to the amount due, such an accord with satisfaction is bind-

ing. (*Hayes* v. *Massachusetts Life Ins. Co. supra; Ostrander* v. *Scott, supra.*) The pleadings now under consideration show no such honest difference between the parties. The declaration counted upon a liquidated indebtedness, and neither the fifth plea, the averments of which are herein above set out in substance, nor any pleading following that plea, alleged facts from which it appears that appellant in good faith set up a claim that it owed appellee nothing or that it owed her less than $2000.

The cases principally relied upon by appellant on this branch of the controversy are *Rigdon* v. *Walcott,* 141 Ill. 649, *Papke* v. *Hammond Co.* 192 id. 631, *Hartley* v. *Chicago and Alton Railroad Co.* 214 id. 78, and *Chicago City Railway Co.* v. *Uhter,* 212 id. 174. In the first of these cases no question of accord and satisfaction arose. The other cases were suits for personal injuries, where the damages claimed were of necessity unliquidated, and it was not, and could not be, contended in either case that the release was given as evidence of the satisfaction of a liquidated claim for money due upon the payment of a smaller sum. Such a release as was under consideration in each of those three cases, if otherwise valid, is evidence that the parties have by their own agreement liquidated the damages and that the damages so liquidated have been paid. Here the parties could not by agreement, except upon a new consideration, fix the amount due. It was already liquidated by the policy. Neither of the four cases last referred to is in point.

Appellant's motion for a directed verdict was based upon a recital of the contract which requires the payment of each call, when due, as a condition upon which the continuance of the insurance depends, and upon a further provision of that contract by which the assured agreed that no verbal statement should modify the undertaking in question "unless the same be reduced to writing and approved by the president and secretary" of the association. As the alleged extension of the time of payment of the July call rested in parol

and was not so reduced to writing and approved it is argued there could be no recovery.

Provisions of the character just referred to are for the benefit of the insurer, and if it sees fit to enter into an oral agreement for the extension of the time of payment of a premium or call, it thereby waives the right to have the evidence of its action in writing, and waives also the right to insist upon a forfeiture for non-payment of the sum at the time when, according to the terms of the original contract, it fell due. *Insurance Co.* v. *Norton,* 96 U. S. 234; *Dilleber* v. *Knickerbocker Life Ins. Co.* 76 N. Y. 567; *Northwestern Mutual Life Ins. Co.* v. *Amerman,* 119 Ill. 329.

The motion for a peremptory instruction was properly denied.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.