Frank O. Reed, Appellee, v. Antoine Engel, Appellant.

Gen. No. 4,978.

1. JURISDICTION—*when question of, cannot be first raised on appeal.* The question that the controversy involves a partnership accounting and therefore is a matter of equitable cognizance, cannot be first raised on appeal.

2. PARTNERSHIP—*what essential to creation of relation of.* As between the parties, a partnership is never created by implication or operation of law, apart from an express or implied intention and agreement to enter into that relation.

3. ACCORD AND SATISFACTION—*what does not constitute.* An accord and satisfaction is not established by showing the acceptance of a check delivered with the accompanying statement that it was in full, where it appears that the acceptance of the check by the payee was procured by untrue statements by the maker concerning matters solely within his knowledge.

Assumpsit. Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

JAMES F. MCCORMICK and BUTTERS, ARMSTRONG & FERGUSON, for appellant.

HENRY M. KELLY, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a suit by appellee against appellant to recover one-half of the profits upon certain sales of real estate. Appellee had a verdict and a judgment for $2,000 from which defendant below appeals.

Appellant lived in Whiteside county, and was an agent for the sale of lands in that vicinity. Appellee lived in La Salle county and was widely acquainted in that county. Appellee's proof tended to show that appellant engaged him to interest La Salle county men in the purchase of lands in Whiteside county and elsewhere and to bring or send prospective buyers to

appellant, and that appellant was to do all the work thereafter, and was to give appellee one-half of the profits arising from each sale made to parties sent or brought to appellant by appellee. Appellant's proof tended to show that he agreed to pay appellee $1 per acre for all sales so made. Each side had some corroborating testimony. We do not feel authorized to disturb the decision of the jury in favor of appellee on that subject.

Appellant argues that appellee's proofs establish a case of a partnership between appellant and appellee and that the relief here sought cannot be had in a court of law. It was necessary to raise this defense in the trial court so as to enable appellee either to take steps to meet the contention or to dismiss his suit and begin in equity. Fish v. Lapsley, 128 Ill. App. 611. Our attention is not called to anything showing that this question was raised in the court below till appellant presented instructions to the court which the court refused. There is nothing to show that appellee knew that such instructions had been presented till after the verdict. We conclude that the point was made too late. We are also of opinion that there was no evidence from which the jury could have found that a partnership existed between these parties. While a different rule prevails when a creditor is seeking to hold defendants as partners because of their acts, yet, as between the parties, a partnership is never created by implication or operation of law, apart from an express or implied intention and agreement to enter into that relation. Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67. We are therefore of opinion that the court was warranted in refusing the instructions on the subject of partnership both for want of proof upon which to base such an instruction, and also because the instructions offered by appellant on that subject did not take into account the intention of the parties.

On March 30, 1906, a few days before this suit was

begun, appellant sent appellee a check for $423, and a letter therewith telling him that this was a settlement of the balance due him on account of land sales. Appellee received and cashed the check, knowing that appellant claimed it as in full settlement. Appellant argued that these facts constitute a complete defense. Before appellee cashed the check, he went to appellant and had a conversation with him in which, according to appellee's testimony, appellee indicated that he supposed that there was more coming to him and appellant told him that this was a little more than one-half of the profit on these sales. Appellee then said "all right," and cashed the check. It is not claimed by appellant that this, added to previous payments, amounted to one-half of the profits. Appellant contends that he was not liable to pay appellee one-half the profits, but only $1 per acre. If the jury believed that appellant told appellee before he consented to accept the check that this, with previous payments, was a little more than one-half the profits, then they believed that appellant deceived appellee and that appellee accepted the check because he was deceived. The amount of appellee's one-half of the profits depended upon three things: First, at what price were the lands listed with appellant? What was the price which the owner required and received? Second, at what price were the lands sold? And third, what necessary expenses did appellant incur in making the sales? Appellee did not know at what price the lands were listed with appellant, nor at what price they were sold, nor what expenses appellant incurred. Appellant was the only one possessed of these details, and appellee had no means of learning them except through appellant. In fact, one-half the profits was very much more than the total sum appellant paid appellee. If we exclude from the computation two sales about which there is a debate, the proofs would seem to show that there was still due appellee for his one-half of the profits between $2,300 and $2,400.

Appellee, according to his testimony, accepted the check in reliance upon the statement made to him by appellant, which was untrue. If appellant had then said to appellee, "that check covers $1 per acre for you and that is all I claim I agreed to give you," and appellee had then accepted the check, a different question would be presented. But according to the testimony of appellee (upon which appellant relied to establish the accord and satisfaction), appellant told appellee that this was one-half of the profits. This statement was not true. We conclude that under these circumstances there was not an accord and satisfaction. In the oral argument counsel for appellant have told us that if we find the judgment correct in principle, they do not expect us to search the evidence to see whether the amount of the verdict is precisely correct. We have, however, gone far enough to see that it appears to be less than was due appellee.

We are of opinion that appellee was not required to return the check before beginning this suit, but that it is sufficient that appellant had credit for that sum paid; and that has been allowed him. Farmers' and Mechanics' Life Assn. v. Caine, 224 Ill. 599, 606.

The instructions on the subject of accord and satisfaction omitted all reference to the evidence tending to show that the settlement was obtained by a misstatement of facts known only to appellant. They were therefore properly refused.

We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*