## Jennie J. Kelly, Plaintiff in Error, v. Protected Home Circle, Defendant in Error.

### Gen. No. 14,733.

1. ACCORD AND SATISFACTION—*when compromise sufficiently supported.* The compromise of a claim for a less sum than its face will be sustained if there was a *bona fide* dispute as to the validity of such claim.

2. RELEASES—*what sufficient as to sealed instrument.* The surrender and cancellation of a sealed instrument is equivalent to a release thereof under seal.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 21, 1909.

ROBERT D. MELICK and JOHN S. REYNOLDS, for plaintiff in error.

GEORGE W. CARR, for defendant in error; J. W. MERRIAM, of counsel.

MR. JUSTICE MACK delivered the opinion of the court.

This is a suit commenced by plaintiff in error to recover an alleged balance of $500 claimed to be due from the defendant upon a benefit certificate for $1,000 issued upon the life of her stepson.

Some time after proof of death the plaintiff was told that the company would pay her $500 and no more. She accepted a check for that sum, surrendered the benefit certificate and signed the blank receipt on the back of it. She now contends that she is entitled to recover the balance.

Under the defendant's charter, introduced in evidence, "the benefit fund is to be used only and exclusively in paying benefits to the heirs or legal representatives of deceased members."

The plaintiff, as stepmother, was neither heir nor

legal representative. Moreover, the company alleged that a number of warranties or material representations made by the deceased at the time of his application were false. They had reference to his occupation and to his family history.

Under these circumstances there can be no question but that there was a *bona fide* dispute as to the validity of the claim, and that the payment of a part given and received as a compromise, in settlement of the entire claim, satisfied the claim. Jackson v. Security M. L. I. Co., 233 Ill. 161.

The fact, if it be a fact, that this benefit certificate was an instrument under seal is totally immaterial. The claim thereon was not merely receipted for, but the document itself, on which the claim was based, was surrendered and cancelled with the consent of the beneficiary. In the absence of fraud or mistake such a surrender of an instrument under seal is equivalent to a release under seal of the claim thereunder. The only distinction between such a surrender and a release under seal, established by the Jackson case (*supra*) and Farmers and Mechanics Life Assn. v. Caine, 224 Ill. 599, is that while a release under seal can be avoided for fraud or mistake only in equity, a surrender so induced can be avoided at law.

Inasmuch as the judgment is to be affirmed on the merits of the case, the motion of defendant in error to strike the record, briefs and abstracts from the files will be denied.

*Affirmed.*