**George R. GERMANN, etc., Plaintiff,**

v.

**Philip PEKOW, et al., Defendants.**

**No. 81 C 367.**

United States District Court,
N. D. Illinois, E. D.

Jan. 22, 1982.

Lewis M. Schneider, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for plaintiff.

Barbara B. Hirsch, Chicago, Ill., for defendant Midland Motel Corp.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

George R. Germann ("Germann"), as Executor of the Estate of Godfrey J. Carlson ("Carlson"), has sued various defendants (collectively "Midland") for violation of the Age Discrimination in Employment Act of 1967 ("ADEA," 29 U.S.C. §§ 621–34). Midland has moved for summary judgment, asserting that Germann and Midland had executed an accord and satisfaction as to the claim on which Germann now sues. For the reasons stated in this memorandum opinion and order, Midland's motion is denied.

### Facts[1]

Germann claims that Midland violated ADEA by providing group life insurance to its employees under which an employee's beneficiary would receive $20,000 if the employee died before age 60, but only $1,000 if the employee had passed that birthday. Carlson was a Midland employee who was 60 when he died February 3, 1979. Germann (as Executor) was his beneficiary.

Shortly after Carlson's death Midland wrote Germann enclosing a letter and $1,000 check from the insurer (Guardian Life Insurance Company of America, "Guardian"). Guardian's letter, addressed to Midland, read in part:

> We are enclosing our check for $1,000.00 drawn to the order of George H. Germann a/k/a Jack H. Germann in payment of this group life insurance claim. This amount is $1,000.00 subject to the group's policy cutback provision which provides for a reduction in life insurance amounts to $1,000.00 at age 60.

Germann deposited the check in the Estate's bank account. Some nine months later Germann filed this action, charging that the group policy that had been the source of the payment was illegal under ADEA.

### Accord and Satisfaction

Midland's motion—predicated solely on accord and satisfaction notions—faces an insuperable difficulty. At common law[2] an accord and satisfaction, 1 I.L.P. Accord and Satisfaction § 2 at 156, is:

> an agreement, an adjustment, a settlement of a former difficulty or dispute, and presupposes a difference, a disagreement as to what is right.

Germann states by affidavit that no "dispute" existed at the time of his reception and negotiation of the check, because he had not even consulted with his attorneys (let alone filed suit) as to the "discriminatory nature" of the insurance policy.

Midland quite properly answers that argument by pointing out that ignorance of some factors relating to a settlement is not necessarily fatal to its operation as an accord and satisfaction. *Roman v. Delta Air*

---

1. There is no disagreement on the relevant facts. Summary judgment is denied as a matter of law.

2. Because this action is grounded on the Court's federal question jurisdiction, 28 U.S.C. § 1331, the rule of decision is provided by the "federal common law" of accord and satisfaction. See the approach to a like question taken in *Brubaker v. United States*, 342 F.2d 655, 661–62 (7th Cir. 1965); for a statement of the philosophical underpinning for such treatment, see *Clearfield Trust Co. v. United States*, 318 U.S. 363, 366–67, 63 S.Ct. 573, 574–75, 87 L.Ed. 838 (1943). Of course federal courts may "bor-

row" the state rule of decision where not inconsistent with the federal policy served by the substantive federal law. *See D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 471–72, 62 S.Ct. 676, 685–86, 86 L.Ed. 956 (1942) (Jackson, J., concurring); *Board of County Comm'rs v. United States*, 308 U.S. 343, 350, 60 S.Ct. 285, 288, 84 L.Ed. 313 (1939). Illinois law of accord and satisfaction (an anciently-rooted doctrine) is typical of the common law approach, and ADEA does not call for any special variant of the common law rules. This opinion therefore cites primarily to Illinois case law.

*Lines, Inc.,* 441 F.Supp. 1160, 1166 (N.D.Ill. 1977). But Midland chooses to ignore the fact that *Roman*—like all accord and satisfaction cases—speaks of the *settlement* of *disputes.* Germann is correct in saying no "dispute" existed as to which his acceptance of the Guardian check could operate as an accord and satisfaction as to Midland. There was never any difference—nor could there have been—as to his right to receive $1,000 from *Guardian.* Neither Midland nor Guardian has ever argued Germann was not due $1,000 under the policy. Instead the only "dispute" that has existed and still exists between the parties is whether *Midland* owes Germann another $19,000 for having failed to provide Carlson the same coverage a younger employee would have received.

Even if the obvious difference between Germann's undisputed (and fully paid) $1,000 claim against Guardian and his present $19,000 claim against Midland were ignored,[3] the law has long been that there would be no occasion for finding an accord and satisfaction here. Thus in *Farmers and Mechanics Life Ass'n v. Caine,* 224 Ill. 599, 606–07, 79 N.E. 956, 959 (1906), plaintiff claimed an insurer owed her $2,000 on account of her dead husband's life insurance policy. It responded that her voluntary surrender of the policy upon payment of $200 was an accord and satisfaction, discharging the larger claim. Plaintiff prevailed, 224 Ill. at 606–07, 79 N.E. at 959:

> It is true, where there has been a compromise, in good faith, of unliquidated or disputed demands, where there is an honest difference between the parties as to the amount due, such an accord with satisfaction is binding [citations omitted]. The pleadings now under consideration show no such honest difference between the parties. [Nothing] ... alleged facts from which it appears that [defendant] in good faith set up a claim that it owed [plaintiff] nothing or that it owed her less than $2,000.

*Accord, Obermeyer v. Wisconsin Dairy Farms Co.,* 199 Ill.App. 568 (1st Dist. 1916);

and to same effect *Fichter v. Milk Wagon Drivers Union, Local 753,* 382 Ill. 91, 99, 46 N.E.2d 921, 924 (1943). More recent cases reconfirm the necessity of an honest dispute as to an unliquidated claim as a prerequisite to an accord and satisfaction. *See, e.g., Koretz v. All American Life & Cas. Co.,* 102 Ill.App.2d 197, 201, 243 N.E.2d 586, 588 (1st Dist. 1968).

Extended discussion is unnecessary. Midland could not prevail on its argument in any case. But when heed is given to *Guardian,* as to whom Germann had an *undisputed* and *liquidated* claim that was simply paid in full, the concept of an accord and satisfaction as between Germann and *Midland* is bizarre indeed.

### Conclusion

Because Guardian's payment to Germann, involving payment in full of an undisputed liquidated amount, could not have been an accord and satisfaction of a then-unasserted Germann claim against Midland, the latter's summary judgment motion is denied.

**3.** Midland has been unsuccessful in injecting Guardian into this litigation (see this Court's November 27, 1981 opinion). Its view of the three parties as somehow necessarily intertwined appears to cloud its thinking on the present motion.