GEORGE O. KINGSLEY, Plaintiff in Error, *v.* JOHN KINGSLEY, Defendant in Error.

ERROR TO TAZEWELL.

A release under seal executed to a party in settlement, the party receiving it promising to get certain notes signed by a security, which he attempted to do, but failed in his efforts, will be good against the releasor; no fraud appearing in the transaction. The party might be liable, if sued upon a breach of the contract.
A release under seal may be pleaded in satisfaction of a larger sum than was actually paid.

THE defendant, John Kingsley, commenced suit in the Circuit Court of Tazewell county, by bill in chancery and injunction, on the 14th day of April, 1857, against George O. Kingsley and David D. Irons.

The case was tried before HARRIOTT, Judge, at the October term, 1857, and a decree rendered against the defendant, in the court below, from which an appeal was prosecuted.

The complainant's bill alleges, that in the year 1852, George O. Kingsley commenced suit in the Circuit Court of Peoria county, against complainant, in the name of George O. Kingsley and Francis P. Kingsley, for the use of George O. Kingsley, upon a promissory note executed by complainant, to George and Francis P. Kingsley. That Francis P. Kingsley did not have any interest in said note, and utterly disclaimed any ownership of said note, and admitted that the note was not genuine, that it was not due, and that there was no consideration for the said note, and that Francis P. Kingsley executed to complainant a discharge of said note. It alleges that a change of venue was taken in said cause, and tried at the April term of the Tazewell Circuit Court, when a judgment was rendered in favor of the plaintiff, for the sum of three hundred dollars debt, and three hundred and twelve dollars and eighty-six cents damages, and forty-four dollars and twenty cents costs.

Complainant alleges that the note upon which the judgment was obtained was not genuine, that there was no consideration for the same, that it was fraudulent, and that George O. Kingsley admitted that he ought not to collect it. That he also admitted that if he had beaten Francis P. Kingsley in a certain suit previously tried between George O. and Francis P. Kingsley, he would not have prosecuted suit on said note against the complainant.

That afterwards, the said George O. Kingsley proposed to complainant to make a deduction on the said judgment, if the complainant would pay the balance; one hundred dollars to be paid on the 1st of March, 1858, and the remainder in sums of one hundred dollars annually, until the sum of five hundred dollars was paid, in satisfaction of said judgment.

That said complainant, in pursuance of said agreement, executed his notes for the sum of five hundred dollars, in notes of one hundred dollars each, falling due as aforesaid, and that thereupon, George O. Kingsley executed a release of said judgment, in pursuance of said agreement, in full of said judgment and costs, etc.

That after the settlement as aforesaid, George O. requested complainant to have Francis P. Kingsley sign said notes as security, and John Kingsley could not be induced to do so. That on the same day that the settlement was made, complainant told Francis P. Kingsley that George O. had requested complainant to procure the signature of said Francis P. Kingsley, and was about to ask him to sign the same as security, when said Francis P. Kingsley expressly refused to sign the notes, and distinctly said he would never sign them, and never did.

Complainant avers it was no part of the agreement that said notes should be signed by said Francis P., as security.

That about the 25th day of June, 1856, George O. Kingsley had execution issued on the said judgment against complainant, which was put in the hands of David D. Irons, sheriff of Peoria county. That on the 9th day of August, 1856, the said execution was levied on the W. $\frac{1}{2}$ N. E. 27, 9 N. 7 E., as the property of complainant, and that said premises were sold without his knowledge.

That the sheriff advertised for sale, and sold the said land, on the 30th day of August, 1856, to George O. Kingsley, the plaintiff in the execution, for the sum of $691.62, who was the highest and best bidder for the same. And avers he had no notice of the sale until afterwards.

Avers that George O. Kingsley intends to hold the said premises, unless complainant redeems from said sale.

That at the time of the sale, a certificate of purchase was given by the sheriff to George O. Kingsley, and another filed in the recorder's office.

The bill prays for George O. Kingsley, David D. Irons, and Francis W. Smith, the sheriff, to be made parties; and that David D. Irons and Francis W. Smith be enjoined from executing a deed to George O. Kingsley, under said note. That Kingsley be enjoined from transferring his certificate of purchase; and that George O. Kingsley be decreed to convey to complainant.

An injunction was issued on said bill, as prayed for.

George O. Kingsley, by his answer to said bill, admits the recovery of the judgment in 1852, against complainant, as charged, and that the suit was taken, by change of venue, to Tazewell county, where it was tried, and a judgment rendered against complainant, as charged in the bill; but denies that the note upon which the judgment was obtained was fraudulent, or that there was no consideration, or that it was not genuine; and alleges that it was given for full and valuable consideration, that it was genuine, that there was no fraud either in the obtaining the note or prosecuting the same to final judgment, that everything in relation thereto was honest and fair; but alleges that the judgment is conclusive between the parties, and cannot be reviewed in this cause.

Respondent does not know whether Francis P. Kingsley claimed any interest or ownership in said note or not, or whether he admitted the same was not due, or was not genuine or not, but alleges, if ever any such admissions were made, it was to defraud respondent and prejudice the collection of the same, and avers if any such admissions were made as charged

in the bill they are untrue. Respondent sets out the consideration of said note, which was the sale by respondent to complainant of the land sold under the execution, as charged in the bill, and that the note was the property of respondent at the time the suit was brought in, and that it was justly and honestly due him, and that the said judgment was justly and honestly obtained after a fair trial and mature consideration by the court.

Respondent denies that he ever admitted to complainant or any other person that he ought not to collect the note or enforce the judgment; denies all fraud or unfair dealing; denies that he ever said if he had recovered in a suit against Francis P. Kingsley that he would not have collected said note.

Respondent denied that he agreed to take or did take complainant's notes for $500, due yearly, in satisfaction of the judgment; but avers that he did agree to take five notes for the sum of $100 each, payable annually, the first to become due on the first of March, 1858, executed by complainant with Francis P. Kingsley as security, and that such was the positive and express understanding of the parties. That Francis P. Kingsley utterly refused to sign said notes as security. That respondent executed said release upon that consideration and none other. That the said five promissory notes of $100 each were the only consideration for the release of said judgment, and that they were to be signed by Francis P. Kingsley as security, which was never done; and that it was understood and expressly agreed that the release should be of no validity until the notes were signed by Francis P. Kingsley as security.

That the next day after the execution of said release, upon the refusal of said Francis P. Kingsley to execute said notes as security, he tendered complainant the said notes and demanded said release to be given up to respondent, but both of which complainant refused to do; offers to bring said notes into court to be returned to said complainant, and asks the release to be decreed to be given up and cancelled, and charges that the same was obtained of him fraudulently, and denies that the same is any satisfaction or release of the said judgment whatever, either in law or equity.

He admits that he had execution issued, and that the same was levied upon the land described in the bill, and that it was purchased by him for $691.62. The proper notices were given of the sale of said property, but does not know whether complainant had actual notice or not.

Admits that David D. Irons was sheriff, and sold the land, and that Francis W. Smith is present sheriff of Peoria county.

It was then admitted by the parties that George O. and Francis P. Kingsley, for the use of George O. Kingsley, ob-

tained a judgment against complainant for the sum of $300 debt, and $312.80 damages, and $44.20 costs, in the Circuit Court of Tazewell county, at the April term, 1856. That execution was issued and levied upon W. ½ N. E. 27, 9 N. 7 E., which was sold to satisfy the execution by the sheriff of Peoria county.

That George O. Kingsley purchased the same on the 30th day of August, 1856, for the sum of $691.62.

The complainant then offered in evidence the following release, which was admitted, to wit:

In consideration of five hundred dollars, to me in hand paid by John Kingsley, of Peoria county and State of Illinois, I do hereby release and discharge a judgment in my favor against the said John Kingsley, recovered in the Circuit Court at Pekin, Tazewell county, Illinois, at the last April term of said court, in my favor, and a suit wherein George O. Kingsley and Francis P. Kingsley were plaintiffs, and I hereby acknowledge to have received the sum of five hundred dollars, in full of all damages and costs recovered in said action, and I hereby release and discharge said judgment.

Peoria, May 20, 1856.			GEORGE O. KINGSLEY. [SEAL.]

Complainant then called *Francis P. Kingsley*, who was sworn; testified that he was acquainted with the parties; that on the day the parties settled, witness met John Kingsley about five miles from Peoria, and John told witness that he had settled with George O. Kingsley, and that George would be along with notes for witness to sign; that witness refused to sign them. That complainant was and is the owner of one hundred acres of good land, and is worth $5,000 over his debts. The settlement spoken of was the one in which the notes and release were given.

It was then admitted that, on the next day after the settlement, George O. Kingsley tendered back the notes to complainant and demanded the release to be given up to him, and further that the notes were in the possession of defendant, George O. Kingsley, ready to abide the decree of the court. This was all the evidence in the case.

The court then decreed that the judgment recovered by George O. Kingsley and Francis P. Kingsley, for the use of George O. Kingsley, against John Kingsley, be decreed satisfied and discharged, and that the execution, levy and sale be vacated, annulled and set aside, and that said George O. Kingsley, within ten days from the date of the decree, execute a deed to complainant to said premises, or, in default, that E. G. Johnson be appointed commissioner to execute the same, and also decree a perpetual injunction against Irons and Smith from executing

George O. Kingsley any deed or certificate of purchase for the same, and that George O. Kingsley pay all costs.

To which decision of the court respondent excepted and filed his bill of exceptions.

WEAD & WILLIAMSON, for Plaintiff in Error.

MANNING & MERRIMAN, for Defendant in Error.

BREESE, J. The controversy in this case grows out of the execution of the release set up by complainant in his bill, and charged to have been executed by the defendant to him.

It is no doubt true, and was the agreement, that the notes, on the execution and delivery of which, by the complainant to the defendant, the release was executed, should be signed by Francis P. Kingsley as security—both parties expected it. But it was not done ; he refused to sign them when presented to him by the defendant for that purpose. The release was executed on the delivery of the notes, and there is no fraud shown, either in its execution or delivery. The most that can be said is, that complainant did not perform his contract ; but that does not render the release ineffectual. The release being once fairly and regularly executed and delivered, could never afterwards be avoided at law by a failure of one of the parties to perform an act in consideration of which the release was given. It could go no further than to charge the complainant with a breach of contract, for which he would be liable. *Fitzsimmons et al.* v. *Ogden et al.*, 7 Cranch R. 19.

It is well settled, though the payment of a smaller sum cannot be pleaded in satisfaction of a larger sum, yet a release under seal may be so pleaded. Com. Dig., " Release," E, 2, 3.

The whole question here depending upon the validity of this release, and there being nothing alleged against it, or if alleged and proved, not going to impeach it, we must regard it as binding.

The decree of the Circuit Court is therefore affirmed.

*Decree affirmed.*