## Murphy v. Halleran.

1. RELEASE—*Must Be Under Seal.*—An unsealed release is no bar to a claim for damages.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Common counts; plea of release; trial by court; judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893, and affirmed. Opinion filed March 29, 1893.

The opinion states the case.

APPELLANT'S BRIEF, VOCKE & HEALY, ATTORNEYS.

A receipt in full given with full knowledge of all the circumstances, and in the absence of fraud, is conclusive. 3 Stark Ev., 1276; 3 Phill. Ev., 4th Am. Ed., 653; Benson v. Bennett, 1 Campb. 394; Emrie v. Gilbert, 1 Wright, 764; Holbrooke v. Blodget, 5 Vt. 520; Sessions v. Gilbert, Brayt. 28, 75; Giddings v. Munson, 4 Vt. 308; Patterson v. Ackerson, Edw., 427.

APPELLEE'S BRIEF, C. W. GREENFIELD, ATTORNEY.

An instrument which is not under seal, does not operate as a release or a discharge, unless based upon a sufficient consideration, either expressed in the release or shown to have been paid at the time it was executed. Benjamin v. McConnell, 4 Gill. 536; Kingsley v. Kingsley, 20 Ill. 203; Capital City Mutual Fire Insurance Co. v. Detwiler, 23 Ill. App. 656; Wharton on Contracts, Section 1032; Bender v. Sampson, 11 Mass. 42; Dambrum v. Schulting, 75 N. Y. 58.

OPINION OF THE COURT, WATERMAN, J.

Appellee brought suit against appellant to recover damages claimed to have been sustained under a contract between them made. To this appellant filed a plea that on the 27th day of January, 1890, appellee by his deed released to the plaintiff the said several premises, etc.

Replication was filed and upon the trial appellant produced the following :

"JANUARY 16th, 1890.

For value received I hereby discharge T. D. Murphy from the payment of any and all claims which I now have or may have against him under agreement between myself, my partner, and said T. D. Murphy, for construction of sewers on Lincoln avenue, St. Elmo street and Cornelia street, assessment No. 723, and I hereby acknowledge to have received from said T. D. Murphy payment in full under said agreement.

JAMES HALLERAN."

This instrument, not being under seal, was not a deed of release. The court properly found the issue for the plaintiff. The plaintiff's damages were, undisputably, $932. This amount had been sustained prior to the giving of the "release," and the amount paid, $300, being entirely insufficient to discharge the plaintiff's claim, an unsealed release was no bar. Chitty's Plead., Ed. of 1844, p. 364; Benjamin v. Mc-Connell, 4 Gil. 536; Curtiss v. Martin, 20 Ill. 557; Kingsley v. Kingsley, 20 Ill. 203, 208; Hayes v. Mass. Life Ins. Co., 125 Ill. 626; Martin v. White. 40 Ill. App. 281; Capital City Ins. Co. v. Detwiler, 23 Ill. App. 656, 659.

It is urged that when the debtor is poor and in failing circumstances, a payment of a part may be a satisfaction, if so agreed, of the whole.

It is sufficient to say that in the present case appellant did not show that he was poor or in failing circumstances when he took this release, but merely that he told appellee something to that effect.

The judgment of the Circuit Court is affirmed.