John Winter, Defendant in Error, v. Fred W. Meier, Plaintiff in Error.

Gen. No. 14,665.

ACCORD AND SATISFACTION—*what consideration sufficient to establish.* While the common law doctrine that a debt could not be settled by the payment of a less sum, is still the law of this State, yet a slight variation in the way of added consideration will remove a case from the operation of this strict common law rule. After an accord and satisfaction has been made, subsequent payments are voluntary.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in this court at the October term, 1908. Reversed and judgment here. Opinion filed November 22, 1909. Rehearing denied December 6, 1909.

FREDERICK H. WICKETT and GEORGE J. MEIER, for plaintiff in error.

WILLIAM D. JOHNSON, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The original statement of plaintiff's claim filed in the Municipal Court is "for money lent by the plaintiff to defendant on or about the month of June, 1895, the sum of $400." By leave of court this statement of claim was amended by adding in form a count declaring upon four notes, one for $125 and three for $100 each, made by defendant, payable to the order of plaintiff, all dated February 1, 1897, and payable respectively February 1, 1898, 1899, 1901 and 1902, after date, with interest at six per cent per annum. The count concludes, "that said four promissory notes were afterwards returned to the defendant herein by the plaintiff herein, and the defendant then either lost or destroyed them."

The cause was tried before the court, a jury having been waived, and the court found the issues for the plaintiff, with damages assessed at $444.95, for which sum judgment was entered, and defendant sued out from this court a writ of error and asks a reversal of the judgment and a finding by this court in his favor. The testimony shows that the original transaction involved a loan of $400 in the spring of 1895 to defendant from plaintiff, for which defendant gave to plaintiff the notes of Meier, Heldt and Rosenfeldt for $400; that these notes were subsequently surrendered for the four notes of defendant set out in the amended statement; that in February, 1902, defendant being in

failing circumstances and owing more money than he could pay, settled the claim of plaintiff by paying him $200 and receiving from him a surrender of the four notes for $100 each last given; that at the same time defendant took a written release signed by plaintiff. Plaintiff denied that any representation was made that defendant was in failing circumstances at the time of receiving the $200 and the surrender of the notes, but admits defendant said he owed a lot of money, but denies giving the release received in evidence on the proffer of defendant. Plaintiff contends that at the time of receiving the $200 from defendant and his surrender of the notes to him, defendant promised to pay the balance, and it is admitted that defendant did subsequently pay plaintiff an additional $50. It seems to us that the finding of the Municipal Court is against the preponderating force of the evidence. While defendant insists he made plaintiff aware of the fact at the time that he claims a settlement was made, that he was in financial straits, plaintiff denies it, yet admits that defendant told him he owed a lot of money. A man owing a lot of money, and so representing to a creditor with whom he is making a settlement at 50 per cent on a long past due claim, may, by inference at least, be regarded as representing himself as financially embarrassed, and when the creditor accepts the money proffered and surrenders the evidences of such indebtedness to the debtor and gives a written release of all claims, a strong presumption may rightfully be indulged that the money was received and the notes surrendered and the release given because of the financial embarrassment and at least apparent insolvency of the debtor. The pertinent facts, not in dispute, strongly corroborate defendant's contention. Much of plaintiff's evidence is refuted by his admissions of facts which tend to corroborate defendant's claimed defense and in a large measure support it.

While the common law doctrine that a debt could not be settled by the payment of a less sum, but that

such payment must be regarded as received on account of the debt due and a *pro tanto* reduction of the debt, is still the law of this State, yet a slight variation in the way of added consideration will readily remove a case from the operation of this strict common law doctrine. So the courts of this and other States have held that any other consideration not of intrinsic value to the creditor, moving from the creditor, is sufficient to withdraw the case from the operation of the common law doctrine. A settlement made in view of the insolvency of the debtor is a consideration of sufficient value to bind the parties to the settlement made and work an accord and satisfaction between them.

In Curtis v. Martin, 20 Ill. 557, it was held that "if a smaller sum be taken by way of compromise * * * from a debtor in failing circumstances, in full discharge of the debt, no reason is perceived why it should not be binding on the parties." Murphy v. Halleran, 50 Ill. App. 594; Rice v. Mortgage Co., 70 Minn. 77; Dawson v. Beall, 68 Ga. 328; Hinckley v. Arey, 27 Me. 362.

The case must be adjudged as of February, 1902, when the settlement was made and the money received, the notes surrendered and release given. This was upon a sufficient consideration and the debt was then discharged. Whatever money was subsequently paid was a voluntary payment and in no way affected the prior settlement. This being our view of the case, the other points made and argued become of no importance to our decision.

The judgment of the Municipal Court is reversed and judgment for defendant is directed to be entered in this court.

*Reversed and judgment for defendant here.*