**Jacob Kuhn, Appellant, v. Peter Kuhn et al., Appellees.**

## Gen. No. 16,995.

1. CONTRACTS—*agreement not to go into bankruptcy is a valid consideration.* That an insolvent maker of a note agrees not to go into bankruptcy, and that a sum less than the amount of the note was provided by others, is sufficient to support an agreement by the payee to accept such sum in discharge of the debt.

2. LIMITATION OF ACTIONS—*effect of payment not recognizing the indebtedness.* A payment on a note made with the intention of not recognizing or affirming the indebtedness will not preclude the statute of limitations from being a bar to an action.

3. BILLS AND NOTES—*when evidence of payment is sufficient.* On a bill to obtain the amount of a note there was evidence that the payee accepted a smaller sum from a third party in satisfaction on the maker waiving his purpose to go into bankruptcy, and surrendered the note. The payee, experienced in business, testified to the opposite and that the note was given to the third party for safe keeping, it being suggested in argument that the maker was afraid judgment would be entered upon it. *Held*, complainant's case was not established by a preponderance of evidence.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 4, 1912. Rehearing denied June 25, 1912.

THOMPSON & CLARK, for appellant.

MUSGRAVE & LEE, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

On the second day of March, 1892, appellees, Peter Kuhn and Mary Kuhn, his wife, executed and delivered to appellant, Jacob Kuhn, their certain promissory note for the sum of $467.50, dated on that day and due in six months. In July, 1897, a payment of $5 was made upon the note, and in September, 1900, one Henry Martin, a brother of said Mary Kuhn, paid to appellant, Jacob Kuhn, the sum of $50 in cash, whereupon the note was delivered by appellant to said

Martin, who immediately surrendered it to the makers, and they at once tore off their signatures, and retained the note in their possession.

On January 18, 1909, appellant, Jacob Kuhn, filed a bill in the Superior Court of Cook county against Peter Kuhn, Mary Kuhn and Henry Martin, alleging that the payment of $50 was made and accepted only as a payment on account of the note, and that the note itself was delivered to Martin by appellant to keep for a short time so as to assure Peter and Mary Kuhn that no suit would be immediately started to collect the balance thereof. The bill prayed for a decree against the defendants for the amount of the note with interest, less the payments of $5 and $50 above mentioned. The court below found in favor of the defendants and dismissed the bill for want of equity, whereupon Jacob Kuhn appealed to this court.

On the trial, Peter and Mary Kuhn testified that in September, 1900, they were without property or means to pay to appellant the amount due on the note, and they contemplated seeking a discharge in bankruptcy; that their children raised $30 in cash, to which was added $20, advanced by Henry Martin (a brother of Mary Kuhn), making up a total of $50, which amount Martin was directed to offer to Jacob Kuhn, appellant, in full satisfaction of the note, and to inform appellant that unless this offer was accepted, Peter Kuhn and Mary Kuhn would go into bankruptcy.

There is a conflict between the testimony given by Martin and by appellant, respectively, as to what was said between them at the time the note was surrendered. Martin testified that he offered the $50 in full settlement of the note, and stated to appellant that he was himself advancing $20 of the money, and that the remaining $30 had been raised by Mr. Kuhn's children, and that, unless appellant would accept the offer, Peter and Mary Kuhn would go through bankruptcy. Appellant testified that no such offer or statements were made by Martin, but that Martin paid the $50

without conditions, and that he thereupon delivered the note to Martin, who agreed to take and hold it for him.

If the testimony of Peter Kuhn, Mary Kuhn and Henry Martin is believed, the court below was fully justified in dismissing the bill for want of equity. If believed, it established the insolvency of Peter and Mary Kuhn, and their having waived their purpose of going through bankruptcy; and also, the fact that the $50 paid was provided by persons other than themselves. If these facts were established, they were sufficient to support an agreement by Jacob Kuhn to accept that amount in discharge of the debt. In addition, the statute of limitations would, upon the facts testified to, bar an action against Henry Martin in five years from September, 1900, and in ten years from July, 1897, against appellees, Peter and Mary Kuhn, if, as testified, the payment of $50 in September, 1900, was made with the intention of not recognizing or affirming the indebtedness. Winter v. Meier, 151 Ill. App. 572; Melroy v. Kemmerer, 218 Pa. 381; Hurd's Rev. Statutes, 1909, Chap. 83, Secs. 15 and 16; Miller v. Cinnamon, 168 Ill. 447; Cashmar-King S. Co. v. Dowd & King, 146 N. C. 191.

We think the testimony of the defendants sufficient to justify a finding that Peter and Mary Kuhn were insolvent, and that bankruptcy proceedings were contemplated by them.

We have carefully considered the testimony offered by the respective parties, and cannot say that the court below erred in its decree. It is true that the testimony of Jacob Kuhn, appellant, was directly opposed to that of Henry Martin upon the question of what was said and done at the time the note was delivered to Martin, and, while we do not feel disposed to characterize the testimony of any of the witnesses as being intentionally false, we cannot regard that of Jacob Kuhn as at all satisfactory and convincing. Jacob Kuhn was shown to have been a constable of Cook county in

1892, and somewhat acquainted with business.   His version of the transaction with Martin is that Martin came upstairs to see him and said, "I come to see you about my sister; I don't care anything about your brother, but it is my sister. . She gave me $50, and if you will let me have the note, I will take the note for your safekeeping.  I will keep it for you and I will give you $50. That is all I can pay you now."   *   *   * Jacob Kuhn further testified that, after talking with his wife, he "went out and I told him, I says, 'Martin, you keep that note for me, do you?' and he says, 'Why, certainly I will,' and I says, 'You remember, now, I will trust you with that note,' and he says, 'I certainly will keep it until you get in better circumstances, and then I will let you have the note,' and at that I took his $50."

Upon the argument, it is suggested that Jacob Kuhn turned the note over to Martin upon some claim that Peter and Mary Kuhn were afraid he (Jacob Kuhn) would enter up judgment upon it; and that while it was held by Henry Martin, they were safe from that contingency; but we do not find any justification in the record for that claim; indeed, the testimony of Jacob Kuhn respecting this matter is that Martin took the note for safekeeping.  Nothing had been paid upon this note from its date, March 2, 1892, until July, 1897, at which time $5 was paid, and there was nothing further paid until September, 1900, when $50 was paid, either upon the note, or for the purpose of securing its surrender and cancellation; and it was not until January 18, 1909, more than eight years after the note was delivered to Martin, before appellant took any steps to enforce his alleged claim upon the note in question.

The burden was upon appellant to establish his case in the court below by a preponderance of the evidence. Upon the record before us, we cannot say that he succeeded in doing so, and, accordingly, the decree must be affirmed.

*Decree affirmed.*