## John Winter, Plaintiff in Error, v. Fred W. Meier, Defendant in Error.

### Gen. No. 17,167.

1. STATUTE OF LIMITATIONS—*suit on award.* A suit on an award filed within two years is within the statute of limitations.

2. ARBITRATION—*right to sue on award.* Where a case pending in the appellate court on writ of error is submitted to arbitrators who make an award in favor of plaintiff, and the court without notice of the award enters judgment for defendant, plaintiff does not abandon his right to sue on the award by filing a petition for rehearing.

3. ARBITRATION—*where party refuses to pay award.* Where there is a common-law submission of a controversy to arbitrators and defendant refuses to pay the amount awarded, plaintiff has a right of action on the award.

4. ARBITRATION—*where plaintiff sues on award.* The general rule that under a statutory submission only the court agreed upon is authorized to enter judgment on the award does not apply under a common-law submission where defendant is sued on the award.

5. ARBITRATION—*not confined to legal procedure.* Where a submission to arbitrators is general they are not confined to legal procedure or legal principles.

6. ARBITRATION—*award based on moral grounds.* An award is enforceable at law though based on moral grounds.

Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in this court at the March term, 1911. Reversed and judgment here. Opinion filed March 24, 1913.

WILLIAM DANIEL JOHNSON, for plaintiff in error.

HORTON, WICKETT, MILLER & MEIER, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the plaintiff in error, brought a suit against the defendant, here the defendant in error, in the Municipal Court of Chicago, wherein the court found the issues for the plaintiff and assessed his dam-

ages therein at $444.95 and entered judgment against the defendant therefor. The defendant sued out a writ of error in this Court to reverse said judgment, and this court in an opinion filed November 22, 1909, and reported in 151 Ill. App. 572, reversed the said judgment and entered judgment here for the defendant. On November 25, 1908, while the said writ of error was pending and undecided in this court, the said parties entered into an agreement in writing to arbitrate the matters in controversy in said cause, as follows:

"Whereas, there exists a controversy between John Winter and Fred W. Meier in relation to diverse matters; and

"Whereas, the said John Winter has brought a suit against the said Fred W. Meier in reference thereto, and did in the Municipal Court of Chicago recover judgment against said Fred W. Meier, which said matter is now pending in the Appellate Court of Illinois for the First District on writ of error sued out, which matter now remains undetermined.

"Now, therefore, we, the undersigned, John Winter and Fred W. Meier, do hereby mutually covenant and agree to and with each other to submit all and all matters of actions, causes of action, suits, controversies, claims and demand whatsoever now pending, existing or held by and between us to Jos. Goers, John Stubenrauch, Bruno Babe, Wm. Muenstermann, Wm. Groth, as arbitrators who, or any three of whom, shall arbitrate, order, adjudge and determine of and concerning the same, and we do mutually covenant and agree to and with each other that the award to be made by said arbitrators or any three of them shall be in all things by us and each of us and by the executors, administrators and assigns of us and each of us, well and truly kept, observed and performed; provided, however, that such award shall be made in writing under the hands of said arbitrators or any three of them ready to be delivered to us on or before the first day of February, A. D. 1909.

"And it is further agreed that the award of said ar-

bitrators or any three of them shall be made a judgment of the Appellate Court of the First District of Illinois.

"Witness our hands and seals this 25th day of November, A. D. 1908.

(Signed)    JOHN WINTER        (SEAL)
(Signed)    F. W. MEIER        (SEAL)

"Signed and sealed in presence of
WM. HEINE
A. F. RENNEGARBE."

On November 25, 1908, the said five arbitrators met and heard the evidence submitted by both parties, and thereafter, December 4, 1908, rendered an award in writing, signed by all the arbitrators, the material portions of which, so far as the questions here presented are concerned, are as follows:

"The undersigned  *  *  *  do hereby certify that we did on the 25th day of November, 1908, at a hearing held on that date, weigh conscientiously all complaints and defenses brought before us.  *  *  *  Therefore, we decide by unanimous vote that there is due to John Winter from Fred W. Meier the sum of $441.34. Said sum is calculated and figured up to December 1st, 1908.  *  *  *  We are convinced that in case John Winter did with his own hand sign said writing, it was so signed by him under the impression that he was giving a receipt for that part of the debt paid him on that day—and not with the intention of releasing said Fred W. Meier from the whole debt  *  *  *."

The said award was not brought to the attention of the Appellate Court in the cause there pending where the same matters were in controversy, and a judgment was there entered for the defendant. Some months thereafter, the defendant refusing to pay the sum found by the arbitrators in the award to be paid the plaintiff by the defendant, the plaintiff brought suit on the said award in the Municipal Court. The cause was submitted to the court without a jury and on a hearing the court found the issues for the defendant and entered a judgment *nil capiat* and to reverse said judgment the plaintiff sued out this writ of error.

The matters in controversy between the parties were at the time of the submission involved in a suit pending in this court. No order of submission was entered therein as required in a statutory submission, and it is not contended by either party that this court, being a court of review with no original jurisdiction, could have properly entered such an order or have entered judgment in the cause upon the said award. It is evident that the said submission was not under the statute, but a general submission under the common law. The defendant refusing to pay the amount awarded against him, the plaintiff had a right of action on the award. Morse on Arbitration and Award, 575.

The defendant insists that the judgment should be sustained on the ground that the Municipal Court had no jurisdiction because of the clause in the submission providing that the award should be made a judgment of the Appellate Court in a case then pending; that the award was void upon its face because a moral obligation is not enforcible at law, and that the award was abandoned by the plaintiff.

In support of the contention that the Municipal Court had no jurisdiction of the cause, the defendant cites cases arising from statutory submissions. It is a general rule that where, under the statute, the parties are allowed to name the court to which the award shall be returned, the court agreed upon is the only one authorized to enter judgment upon the award. This rule has no application to the case at bar. There was no application to the court named by the parties to enter judgment upon the said award, but a suit was begun against the defendant, based upon the said award.

The argument that the award was void upon its face because a moral obligation is not enforcible at law, is based upon the following recital in the award:

"We do further certify that all matters of proof submitted to us by both the complaining party and the respondent have been weighed by us according to

their moral effect in the light of the Word of God, and accordingly give the following decision:''

It is claimed by the defendant that it thus appears that the arbitrators did not give legal effect to the proofs submitted to them but decided the same wholly according to the moral effect thereof, and found that morally instead of legally the defendant was indebted to the plaintiff.

It appears that at a meeting of all the arbitrators both parties appeared and submitted all their evidence and were fully heard. The arbitrators took the matter under advisement and subsequently made said award and mailed a copy thereof to both parties. We think the facts, all taken together, do not justify defendant's conclusion that the award was made in disregard of legal principles, and entirely upon moral grounds. Assuming, however, that his position in this respect is correct, we do not think the award is void. The submission was general and did not confine the arbitrators to legal procedure or legal principles. On such a submission, Morse on Arbitration and Award, to which we refer for an interesting discussion of the point, on page 217 says: ''I conceive that in this country the general rule must be admitted to be established, to the effect that arbitrators are at liberty voluntarily and deliberately to disregard the strict principles of law, and to decide according to their general views of what is right, just and conscientious in the case.'' The author on the same page quotes from Judge Story: ''The reasonable rule seems to be that the referees are not bound to award upon the mere dry principles of law applicable to the case before them. They may decide upon principles of equity and good conscience and may make their award *ex aequo et bono*.''

That the award was abandoned by the plaintiff is contended upon two grounds: . First, that it was nearly two years after the same was made before suit was begun thereon, and, Second, the plaintiff filed a peti-

tion for a rehearing in the Appellate Court in the said case reported in 151 Ill. App. 572. We think neither ground tenable. The suit was brought within the Statute of Limitations. While the submission might be -held to be an abandonment of the case then pending in this court, we cannot agree that the filing of a petition for a rehearing therein was an abandonment of plaintiff's right of action then existing on the said award, for the action based upon the award was a distinct and different cause of action from that then pending in this court.

The only evidence introduced in the trial of the suit upon the award was documentary evidence showing the proceedings in the prior suit in the Municipal Court, the writ of error in this court, the judgments therein and the petition for a rehearing in this court.

For the reasons indicated we are of the opinion the same was not a bar to the action upon the award, and the plaintiff was entitled to recover therein. The judgment is reversed and judgment is here entered for the plaintiff for $441.34 with interest thereon at the rate of five per centum per annum from December 1, 1908.

*Reversed and judgment here.*