KNIT GOODS EXCHANGE, INC., Respondent v. JOSEPH KRESOFF, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1918.)

Guaranty — when plaintiff not entitled to recover upon — negotiable intruments — bankruptcy — waiver — appeal.

Upon the trial of an action to recover $300 upon a written guaranty to secure payment for merchandise sold to defendant's

brother, it appeared that after defendant had become liable to the extent of the guaranty he gave his brother a note for $324.81 upon the agreement that it would replace the guaranty but that plaintiff had no knowledge of this understanding; that when the note became due the defendant demanded, before paying said note, that the plaintiff surrender and cancel not only the note but the guaranty, as he refused to pay both liabilities and threatened to go into bankruptcy; that the plaintiff thereupon consented to the defendant's proposition and accepted payment for the note and delivered to the defendant the note and surrendered the guaranty, both of which the defendant received and destroyed. *Held,* that defendant's waiver of his right to take the benefit of the Bankruptcy Law was a good and valid consideration for the new agreement and full performance thereof was a bar to the present action; that plaintiff was not entitled to recover upon the guaranty in suit which it surrendered at the time the note was paid and a judgment in its favor will be reversed and the complaint dismissed on the merits.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of the plaintiff.

Morris Wolfman, for appellant.

Harold R. Lhowe (Morris Berger, of counsel), for respondent.

WEEKS, J.  This action was brought to recover the sum of $300 upon a written guaranty.

The case was tried upon an agreed statement of facts, from which it appears that the defendant gave to plaintiff the guaranty in question to secure payment for merchandise sold to defendant's brother; that plaintiff thereafter sold goods upon which defendant became liable to the extent of the guaranty; that thereafter defendant gave to his brother a note for $324.81

upon the agreement that it would replace the guaranty but that plaintiff had no knowledge of this understanding; that when the note became due the defendant demanded, before paying said note, that the plaintiff surrender and cancel not only the note but the guaranty, as he refused to pay both liabilities and threatened to go into bankruptcy; that the plaintiff thereupon consented to the defendant's proposition and accepted payment for the note and delivered to the defendant the note and surrendered the guaranty, both of which the defendant received and destroyed; that before delivering the guaranty to the defendant the plaintiff, without defendant's knowledge, caused it to be photographed.

Upon a trial before the court without a jury the plaintiff was given judgment.

The question presented therefore is whether such an agreement with full performance constitutes a bar to this action.

While the courts have steadfastly adhered to the doctrine that the payment of a portion of an undisputed liquidated debt will not support an agreement by the creditor to accept the part paid in satisfaction of the whole, they have, as stated in *Jaffray* v. *Davis*, 124 N. Y. 164, 168, " seized with avidity upon any consideration to support the agreement to accept the lesser sum in satisfaction of the larger, or in other words to extract if possible from the circumstances of each case a consideration for the new agreement, and to substitute the new agreement in place of the old and thus to form a defense to the action brought upon the old agreement."

In the instant case we might well hold that the delivery of the guaranty was evidence of a gift of the money due thereon within the principle of *MacKenzie* v. *Harrison,* 120 N. Y. 260, or we might apply the rule as stated in *Larkin* v. *Hardenbrook*, 90 id. 333, that

" where an obligee delivers up the obligation which he holds against another party, with the intent and for the purpose of discharging the debt, where there is no fraud or mistake alleged or proven, that such surrender operates in law as a release and discharge of the liability thereon; nor is any consideration required to support such a transaction when it has been fully executed." Bouv. Law Dict. tit. Release; *Albert's Exrs.* v. *Ziegler's Exrs.,* 29 Penn. St. 50; *Beach* v. *Endress,* 51 Barb. 570; *Doty* v. *Wilson,* 5 Lans. 10.

We prefer however to place our decision upon the ground that there was a good and valid consideration for the new agreement, to wit, the defendant's waiver of his right to take the benefit of the federal bankrupt laws.

Although we have been unable to find any reported case in this state the decisions in other states uniformly uphold the rule that the giving of such a valuable right is a substantial consideration and sufficient to support the settlement.

As was said in *Dawson* v. *Beall,* 68 Ga. 328: " The agreement not to make application for, and be discharged from a debt in bankruptcy is a sufficient consideration to support a contract to take a less sum for the debt than what is due thereon. It is a new and valuable consideration for the reduction of the original debt. The agreement not to be adjudicated a bankrupt, and thereby not to wipe out or endanger the whole debt, is certainly a valuable consideration to support a promise to compromise the debt, because it bargains not to extinguish all of it or at least not to imperil it."

In *Melroy* v. *Kemmerer,* 218 Penn. St. 381, the court said: " The exact point is whether the debtor's relinquishment of his intention to seek a discharge in bankruptcy and his payment of thirty per cent. instead, constitute a sufficient consideration to bind the creditor to

the agreement. On that point we have no doubt. A valuable consideration may consist in some right, interest or benefit to one party, or some loss, detriment or responsibility resulting actually or potentially to the other. ' If there is any advantage to the creditor the law will not weigh the adequacy of the consideration.' *Fowler* v. *Smith,* 153 Penn. St. 639. The accord in this case was good on both branches. By it the creditors get a sum certain, instead of the chances of an uncertain dividend in bankruptcy; on the other hand, the debtor accepted the responsibility of paying a sum certain whether his assets were sufficient or not, and gives up his right to a release of his future assets, and to a discharge from his whole debt without regard to the sufficiency of his present assets.'' See also *Hanson* v. *McCann,* 20 Col. App. 43; *Kuhn* v. *Kuhn,* 171 Ill. App. 298; *Hinckley* v. *Arey,* 27 Maine, 362; *Herman* v. *Schlesinger,* 114 Wis. 382.

It follows that the plaintiff is not entitled to recover upon the guaranty which he surrendered at the time the note was paid, and the judgment must therefore be reversed, with thirty dollars costs and the complaint dismissed on the merits, with proper costs in the court below.

FINCH, J., concurred in result.

Judgment reversed, with costs.