entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial, in an action to recover for personal injury alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff was employed on a dredge belonging to defendants. During a night in February the dredge, while moored in the harbor, sank, and plaintiff in jumping to a scow alongside fell into water up to his waist, from which it is alleged he developed a cold resulting in tuberculosis. The Appellate Division held that the plaintiff established a *prima facie* case upon the question of defendant's negligence resulting in the sinking of the dredge, and that the question whether plaintiff's condition proximately resulted from defendant's negligence should have been submitted to the jury.

*Theodore H. Lord, James B. Henney* and *W. S. O'Connor* for appellants.

*Jacquin Frank* and *David M. Fink* for respondent.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ANNA S. ALLENDORF, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

*Negligence — railroads — carriers — injury to passenger from stepping into opening between platform and train.*

*Allendorf* v. *Interborough Rapid Transit Company,* 216 App. Div. 800, affirmed.

(Argued October 7, 1926; decided October 22, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 7, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while attempting to board one of defendant's trains at

the Times Square subway station in the city of New York, stepped into an opening between the train and station platform and received the injuries complained of. There was evidence that the crowd was so great as to deprive plaintiff of control over her movements; that no device was provided by defendant to close or bridge the open space and that no warning was given of its existence.

*B. H. Ames* and *James L. Quackenbush* for appellant.
*Don R. Almy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

BERNARD BERGMANN, Respondent, *v.* S. CHARLES HIRSCHBERG, Appellant.

*Contract — reformation — action to reform written agreement giving option to repurchase stock so as to provide for purchase of stock at fixed price upon plaintiff leaving employment.*

*Bergmann v. Hirschberg*, 216 App. Div. 711, affirmed.

(Argued October 6, 1926; decided October 22, 1926.)

APPEAL from a judgment, entered March 5, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff. The action was to reform a written agreement for the sale by defendant to plaintiff of certain stock, reserving to the defendant an option to repurchase the same, plaintiff contending that by false representations he was led to believe that the agreement was that if plaintiff should leave his employment defendant would repurchase the stock at a fixed price.

*A. S. Cutler* and *S. S. Groggins* for appellant.
*Nathan Waxman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, CRANE and ANDREWS, JJ. Dissenting: CARDOZO, McLAUGHLIN and LEHMAN, JJ., on the ground that the findings of the Appellate Division are contrary to the weight of evidence.