EDWARD DALTON, an Infant, by His Guardian ad Litem, HENRY J. DALTON et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries sustained by the infant plaintiff and by his

father for expenses and loss of services, plaintiffs appeal from a judgment in favor of defendant entered upon a directed verdict. Judgment reversed on the law and new trial granted, with costs to abide the event. A verdict may be directed only when the trial court "would be required to set aside a contrary verdict for legal insufficiency of evidence". (Civ. Prac. Act, § 457-a, subd. 1; *Loewinthan* v. *Le Vine*, 299 N. Y. 372; *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241.) According to evidence adduced on behalf of the plaintiffs, the infant plaintiff was a student at a certain school located near the station of defendant's railroad where the accident occurred, and shortly after the usual daily discharge from school of the said plaintiff and many other students at about three-thirty o'clock in the afternoon, not only on the day of the accident but over the period of about five months up to that time, the said plaintiff and a large number of the other students, variously stated to be 200, 250 or 300, employed this station to board one of defendant's trains for transportation to their homes; and the students generally pushed towards the doors of trains for the purpose of gaining seats, with the result that at times some of them, including said plaintiff, would be lifted off their feet and carried into the train. On the day of the accident, the students were awaiting the arrival of a train in groups of about 40 or 50 on the platform and, as a train was proceeding alongside the platform and about to come to a stop, the infant plaintiff, who was standing about two feet from the edge of the platform in one of these groups was lifted off his feet by the movement of the others in his group toward where one of the doors of the train would be when it came to a halt, and his leg dropped between the train and the platform — according to his testimony. There were no gates or guardrails on the platform, or employees of the defendant stationed there at any time. In our opinion, it may not be said as a matter of law that the evidence was insufficient to make out a prima facie case under the doctrine that it is the duty of an operator of a railroad to take reasonable precautions to avoid the happening of accidents which should be anticipated. (See *Sarkin* v. *Murray*, 279 N. Y. 673; *Allendorf* v. *Interborough R. T. Co.*, 243 N. Y. 623; *Kye* v. *Murray*, 293 N. Y. 897; *Reschke* v. *Syracuse, Lake Shore & N. R. R. Co.*, 155 App. Div. 48, affd. 211 N. Y. 602; *Bacon* v. *Hudson & Manhattan R. R. Co.*, 154 App. Div. 742, and *Dawson* v. *New York & Brooklyn Bridge*, 31 App. Div. 537.) Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.