Poray, Inc., Appellee, v. Crescent Industries, Inc., Appellant.

Gen. No. 46,908.

First District, Third Division.

April 17, 1957.

Released for publication May 8, 1957.

Schapiro and Schiff, of Chicago (Robert F. Fuchs, of Chicago, of counsel) for appellant.

Kelly and Cohler, of Chicago (James J. Kelly, and J. Robert Cohler, of Chicago, of counsel) for appellee.

PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

In this action plaintiff sought to recover a balance claimed due for goods sold and delivered to defendant. The defense to the action is accord and satisfaction. There was a hearing without a jury, and upon a stipulation of facts the court entered judgment for plaintiff in the sum of $9,577.37, from which judgment defendant appeals.

It appears from the stipulation of facts that on February 24, 1954, defendant filed its petition in bankruptcy for reorganization under the provisions of Chapter X of the Bankruptcy Act. Plaintiff received

notice and filed its proof of claim in said proceeding. On March 1, 1954, a meeting of defendant's creditors was held. Plaintiff had notice and attended said meeting but took no part therein. At that meeting a creditors' committee was selected from those in attendance, representing 92 of defendant's creditors and representing approximately 83 per cent of defendant's liabilities. On March 9, 1954, the United States District Court in said bankruptcy proceeding designated and appointed a creditors' committee of nine to represent the unsecured creditors. Neither plaintiff nor its representative was appointed or acted on said committee or on the one elected by the creditors at their meeting.

On May 3, 1954, defendant, by leave of court, filed a written proposal of settlement with its creditors, classified as secured and unsecured. Plaintiff was given notice of the petition.

On June 22, 1954, defendant filed in said proceeding a new plan of settlement proposed by the creditors' committee and a petition to dismiss said proceeding upon the approval of the plan of settlement. By the new plan of settlement, plaintiff, as well as other creditors, was to receive 100 per cent payment of its claim within a period of four and one-third years. The plan of settlement, as applying to the unsecured creditors, was to pay 15 per cent cash and the balance of 85 per cent in four equal annual installments, the first payment due on January 15, 1956, and was to be evidenced by defendant's promissory note, and check for the cash payment.

On June 22, 1954, the United States District Court set for hearing said petition to dismiss the proceeding and provided for notice to all creditors. Plaintiff received notice of the order. On July 2, 1954, defendant's petition to dismiss again came on for hearing and was continued to July 13, and of this plaintiff had notice. On July 13, 1954, a hearing was held upon the petition to dismiss said proceeding. Plaintiff was present in

371

court, as were all the other creditors. When the court inquired if there were any objections to the dismissal of the proceeding, neither plaintiff nor the other creditors made known any objection. While plaintiff never expressly consented orally, or in writing, to the new plan of settlement, there was no objection by plaintiff filed or noted upon the hearing. An order was entered dismissing the bankruptcy proceeding.

On September 11, 1954, a check was given to plaintiff for the 15 per cent cash payment called for by the plan, as well as defendant's installment note for the balance of 85 per cent of plaintiff's claim. On September 19, 1954, which was after defendant had mailed checks and notes to all the other creditors, plaintiff for the first time notified defendant by telephone that it had not consented to the plan of settlement and would not accept said check and note, but did not return them to defendant. Several times thereafter plaintiff notified defendant of its demand for full payment of its claim, and on March 16, 1955, plaintiff wrote defendant a letter, enclosing a statement of the account in the amount of its original claim filed in the bankruptcy proceeding. Not until June 29, 1955, after several conferences and negotiations for adjustment of their differences had failed, did plaintiff for the first time tender back to defendant the check and note in question.

The order of the District Court dismissing the bankruptcy proceeding recited, among other things, that the court, "deeming it to be to the best interests of the creditors and the debtor that this proceeding be dismissed, and no objections appearing, It Is Hereby Ordered that this entire proceeding be and it hereby is dismissed, such dismissal to be effective forthwith."

On July 12, 1955, defendant wrote plaintiff a letter, acknowledging the receipt of the registered letter from plaintiff's attorney, together with the note and check

in question. The letter stated that defendant had repeatedly taken the position "that the retention by you of said check and note constituted an acceptance thereof by you," and that defendant would not pay, except in accordance with the plan of payment in the bankruptcy proceeding.

██ ██ To sustain the judgment, plaintiff argues that a promise by a creditor of a liquidated claim to accept less, or the acceptance of less than the amount due from the debtor, does not constitute accord and satisfaction, since it lacks consideration. As an abstract proposition of law this is sustained by many decisions in this state, but the doctrine is not without exception and, as we shall point out, does not apply to a failing debtor when the creditor knows the debtor is in failing circumstances or has substantial reason for believing so. The petition in bankruptcy and its subsequent proceedings clearly establish that defendant was in failing circumstances, unable to pay its debts as they matured. Plaintiff had full knowledge of the proceedings and attended the hearings. Particularly is it important to note that plaintiff attended the hearing upon defendant's petition to dismiss the proceedings upon the basis that the plan of payment proposed was accepted by the creditors. The court called for objections while plaintiff was in court attending the hearing, and hearing none the court so recited in its order and dismissed the proceeding.

When the court called for objections with plaintiff present, it was the duty of plaintiff to speak, if it had any objection. Implicit in plaintiff's silence was its accord to the offer of settlement. Its retention of the check and note in question, over the long period of time indicated, constitutes an acceptance resulting in accord and satisfaction.

██ Conceivably, had plaintiff voiced its objection to the plan of payment when the court called for ob-

jections, a different result might have obtained, and the proceeding would not have been dismissed. The defendant would have had the protection of the bankruptcy court against any effort of plaintiff to force payment in full in cash, instead of part payment in cash and the balance in installments over a period of four years. Notwithstanding plaintiff orally notified defendant it would not accept the plan of payment, it retained the check and the note for over nine and one-half months before finally returning them to defendant. Under such circumstances the law seems clear that the retention of the note and check constitutes accord and satisfaction of the original account. Plaintiff must look to the note and check for payment.

In Seidman v. Chicago Eye Shield Co., 267 Ill. App. 77 (cert. denied), and cases there cited, it was held:

"If the proposed settlement and the payment of the account tendered is not satisfactory to him, it is the creditor's duty immediately to repudiate the offer and return the check."

■ Lapp v. Smith, 183 Ill. 179, holds that where a check and note are tendered in settlement of the differences between the parties, and the party receiving them makes known that such arrangement was not satisfactory, it is the duty of the party receiving them to accept the proposition as an entirety or reject it *in toto*.

In Canton Union Coal Co. v. Parlin, 215 Ill. 244, it was held:

"The creditor has no alternative except to accept what is offered with the condition upon which it is offered, or to refuse it; and if he accepts the acceptance includes the condition, notwithstanding any protest he may make to the contrary.

". . .

"If the plaintiff was not willing to accept the check as sent, in full of the account and acknowledge the

374

receipt of it as requested, it ought to have returned it. The rule that required it to do so is neither harsh nor unjust . . ."

To the same effect are Day-Luellwitz Lumber Co. v. Serrell, 177 Ill. App. 30, and Black-Clawson Co. v. Carlyle Paper Co., 133 Ill. App. 61. As early as Curtiss v. Martin, 20 Ill. 557, it was said:

". . . if the smaller sum be taken . . . from a debtor in failing circumstances, in full discharge of the debt, no reason is perceived why it should not be binding on the parties."

In Herman v. Schlesinger, 90 N. W. 460 (Wis.), it was stated:

"The rigorous rule of the common law, permitting a person to receive part of an undisputed, presently due indebtedness, pretending to accept the same in satisfaction of the whole indebtedness, the debtor parting with the amount paid with that understanding, and then change front and sue for the balance of such indebtedness on the ground that the release thereof was void for want of consideration, is so little favored by courts that it is commonly held not to apply where anything, whether of advantage to the creditor or disadvantage to the debtor, can be reasonably said to stand for that part of the indebtedness not measured by an equivalent in money actually paid to the creditor."

Also, in Winter v. Meier, 151 Ill. App. 572, it was stated:

"A settlement made in view of the insolvency of the debtor is a consideration of sufficient value to bind the parties to the settlement made and work an accord and satisfaction between them."

So in Kuhn v. Kuhn, 171 Ill. App. 298, it was held that foregoing the advantages of the bankruptcy act as well as payment of the lesser amount being provided

by persons other than the debtor were sufficient consideration to discharge the debt by payment of the smaller sum. The record also discloses that when the first installment under the plan of payment was due, defendant tendered the payment to plaintiff, which plaintiff refused to accept.

■ Plaintiff contends that at the time it received the note and check from defendant, defendant was solvent, as shown by the stipulation of facts, paragraph 16 thereof, which reads: "After July 13, 1954 defendant was solvent," and therefore the cases cited involving a failing debtor do not apply. There is no merit in this contention, since the bankruptcy proceedings were predicated upon defendant's inability to pay its debts as they matured, which constitutes insolvency within the meaning of the bankruptcy act. The record discloses that only when all the other creditors agreed to forbear the indebtedness due them from the debtor and only when defendant was able to obtain financial assistance from outside sources, by encumbering its assets, could it meet the required cash payment to the creditors in accordance with the proposal of settlement in the bankruptcy proceeding.

The issuance of the check and note by the debtor in extinguishment of its pre-existing obligation to plaintiff must therefore be tied in with the bankruptcy proceeding and the order of the District Court approving the proposed settlement. The doctrine of accord and satisfaction must therefore be considered in the light of the entire transaction, which was the basis for the issuance of the check and note, and not limited to the condition of defendant with respect to solvency as of the moment when plaintiff received the check and note. Clearly, without the mortgaging of the debtor's property, as provided in the proposal of settlement, to obtain the necessary financing, defendant would not

have been able to meet its obligations past due, on or after July 13, 1954.

The judgment is reversed and the cause remanded with directions to enter an order directing defendant to tender to plaintiff, within a short day to be fixed by the court, a check for the amount of the check previously tendered and to re-tender the note in question, together with the first installment payment, past due, and upon the failure of defendant to comply with said order that judgment be entered for plaintiff for the full amount of its claim with interest, and upon the acceptance of said tender by plaintiff or upon the refusal of plaintiff to accept said tender herein directed, judgment be entered for defendant.

Reversed and remanded with directions.

KILEY, J., concurs.

LEWE, J., took no part.