FRANCES RADIST et al., as Executors of YETTA KASMINSKY, Deceased, Respondents, v. SAMUEL C. ZIDEL, Appellant.— In an action to recover a balance claimed to be due under a written contract, defendant appeals from a judgment of the Supreme Court, Queens County, entered January 26, 1960, upon a directed verdict for plaintiffs, after a jury trial. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. There was testimony by defendant and additional circumstantial evidence: (a) that in 1955, the parties orally agreed that, in consideration of defendant's promise not to file a petition in bankruptcy, but to liquidate the business in which he was engaged,

he would be released from any obligation to make further payments under the written contract executed in 1953; and (b) that said oral agreement was performed. Such surrender of a privilege of which defendant had a legal right to avail himself, was a sufficient consideration for the modification of the written agreement (*Knit Goods Exch.* v. *Kresoff*, 102 Misc. 156; see *Weiss* v. *Weiss*, 266 App. Div. 801). If it be assumed that defendant's testimony is true, then the question of such oral modification agreement not being in writing is not involved, since it has been executed (*Frankel* v. *Knickerbocker Ice Co.*, 248 App. Div. 757). Nor is subdivision 2 of section 33 of the Personal Property Law applicable here. That statute, by its terms, applies only where there is an absence of consideration. Accordingly, if defendant's evidence be accepted as true, it would appear that the proof is sufficient to support his contention that the written agreement of 1953 had been modified and that such modification defeats plaintiffs' action based on the original agreement. Under the circumstances, the direction of a verdict for the plaintiffs is error (*Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.*, 286 App. Div. 93, 94–95; *Dalton* v. *City of New York*, 283 App. Div. 1104). Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur.